2524. DAVISON v. BUSH et al.

An appeal does not lie from the verdict of a jury in the county court to a jury in the superior court.

DECIDED JULY 5, 1910.

Appeal; from Greene superior court—Judge Lewis. February 10, 1910.

James Davison, for plaintiff in error.

Cobb & Erwin, Miles W. Lewis, contra.

HILL, C. J. Bush and others sued Davison in the county court of Greene county. Before the trial the plaintiffs demanded a trial by jury, under the act of 1908 (Acts 1908, p. 41), amending section 4200 of the Civil Code of 1895. The jury rendered a verdict for the plaintiffs for $156, and the defendant entered an appeal to a jury in the superior court of Greene county. When the case was reached for trial in the superior court, the plaintiffs moved to dismiss the appeal, upon the following grounds: (1) The law does not authorize an appeal to be entered to the superior court from a verdict rendered by a jury in a county court. (2) Where a trial by jury has been had in a county court, the remedy of the party who is not satisfied with the verdict is certiorari, and not appeal. (3) The defendant, having had a trial by jury in the county court, was not entitled to another trial by jury in the superior court. The judge of the superior court sustained the mo-

tion to dismiss the appeal; and this judgment is the basis of the sole assignment of error.

Section 4200 of the Civil Code of 1895 provides, that all trials in a county court "shall be by the court without a jury in all civil cases." The act of 1908, supra, amended this section as follows: "The trial and judgment in said court [referring to county courts] shall be by the court with a jury of six, to be selected from a panel of twelve, each side being entitled to three strikes when demanded by either party ten days before the trial term," etc. Section 4214, providing for appeals from county courts, was left unchanged, and that section provides: "If either party is dissatisfied with the judgment of the county judge, and the principal sum claimed, or damages claimed, exceeds fifty dollars, said party may enter an appeal from such judgment within four days, under the same rules and regulations as are provided for appeals in this code." It is contended by counsel for the plaintiff in error that the amendatory act of 1908, supra, was intended to meet the decision of the Supreme Court in *DeLamar* v. *Dollar*, 128 *Ga.* 57 (57 S. E. 85), that as to cases in the county court, where the amount involved was less than fifty dollars, there could be no jury trial, and, therefore, the constitutional right of trial by jury was violated by § 4200, and that the legislature did not have under consideration in the amendatory act the subject of appeals from county courts, and there was no legislative intent to disturb the law of appeals from that court, and if the amendatory act should be construed to take away the right of appeal where the trial was by jury in a county court, that result was inadvertent and unintended. But it is also insisted that the amendatory act of 1908 did not in fact forbid appeal in a county court from the verdict of the jury; that the right to appeal from the judgment of the court means a judgment not only of the court itself without the intervention of a jury, but the judgment of the court rendered on the verdict of a jury; in other words, that although there may have been a verdict of the jury in the county court, the judgment thereon was none the less a judgment of the county court from which an appeal was authorized, although there may have been a verdict upon which the judgment was founded; and it is also insisted by learned counsel that to construe the act of 1908, supra, as taking away the right of appeal in a county court, where there has been a verdict of the jury,

would be to repeal section 4214 of the Civil Code, and that repeals by implication are not favored by the courts, and will not be declared, unless the alleged repealing act is irreconcilably repugnant to the existing statute. We do not think that the act of 1908 was intended by the legislature to repeal any part of § 4214 of the code, supra; nor do we think that that act is in any sense repugnant to that section. The act of 1908 was the legislative expression of the policy of our law, which is to give to every litigant at least one trial by jury, if he desires it. Before the act of 1908, in a county court a trial by jury in a civil case could not be had, and, therefore, where the amount involved exceeded fifty dollars, a dissatisfied litigant in the county court was given the right to appeal his case to a jury in the superior court from the judgment of the county judge. By the act of 1908 either party is given the right to a jury trial in the county court, upon timely demand. But if no demand is made in the county for a jury trial, then §4200 still applies, and the judge would try the case without the intervention of a jury, and an appeal would lie from his judgment to a jury in the superior court under §4214. So we think that the purpose of the legislature in the act of 1908 was simply to give to a litigant his constitutional right of one jury trial; in other words, that under the law as it is now written, a litigant in a county court can either demand a jury in that court, or appeal from the judgment of that court to a jury in the superior court. Article 6, section 4, paragraph 6, of the constitution of this State, provides that "the General Assembly may provide for an appeal from one jury in the superior and city courts to another." But there is no provision made by the legislature to authorize an appeal from a jury in the county court to a jury in the superior court; and the legislature has never attempted to grant this right, and the failure of the legislature to provide a mode of appeal from a verdict of a jury in one court to a jury in another court is equivalent to a declaration that none exists. It must be borne in mind that the technical right of appeal was unknown to the common law, and exists only by statute or constitutional provision. 2 Am. & Eng. Enc. of Law (2d ed.), 425; 2 Enc. Pl. & Pr. 15, 16, 17; 2 Cyc. 515, 519. Where no appeal is provided for by statute, it would seem that certiorari would be the proper remedy, for this right is always available, unless taken away by statute, to correct the errors of inferior tribunals,

and is a common-law remedy. 6 Cyc. 745. In *Roser* v. *Marlow*,. *R. M. Charlton*, 543, it is said, referring to the remedies of certiorari and appeal, that "the nature of the two remedies is well understood, and one of the distinctions which has been drawn between them is that an appeal can only be had when it is expressly given, and a certiorari always lies, unless it has been expressly taken away." See also *Fontano* v. *Mosely*, 121 *Ga.* 46 (48 S. E. 707); *Rigell* v. *Sirmans*, 123 *Ga.* 455 (51 S. E. 381). Section 4141 of the Civil Code contemplates that an appeal will lie in a justice's court to a jury in that court or in the superior court, but denies the right of appeal from a jury in the justice's court to a jury in the superior court; and this seems to be in harmony with the policy of our law, which, as before stated, is to insure each litigant one trial by jury. Of course, we do not refer to new trials which may be granted on motions filed for that purpose. Section 4215 of the Civil Code does not expressly take away the right to certiorari in county courts where the amount involved is more than fifty dollars; and section 4634 is probably broad enough to give this right; but even if the right of certiorari was not given by this statute, it would exist under the common law. But it is not necessary to the decision of this case for this court to decide what was the remedy for the plaintiff in error. We are clear that under the law an appeal from the verdict of the jury in the county court to a jury in the superior court was not his remedy, and, therefore, that the judgment of the superior court in dismissing the appeal was proper.                                     *Judgment affirmed.*