*R. D. Jackson, S. Holderness, Boykin & Robinson,* and *H. H. Burns,* contra.

---

WOOD, trustee, *v.* TURNER *et al.; et vice versa.*

A trustee in bankruptcy brought an action to set aside an alleged preferential conveyance. The plaintiff's attorney and the defendants settled the case on payment of counsel fees and costs, and an order of court was taken declaring the case settled. Subsequently the trustee resigned and another was appointed. The new trustee filed a proceeding to vacate the order of settlement, and his petition was dismissed on demurrer. Before the time for certification of a bill of exceptions had passed, the judge died; and as no disinterested member of the bar was present at the trial, the trustee was unable to obtain a certificate to a bill of exceptions. He moved for a rehearing before the judge of an adjoining circuit (there being a vacancy in the office of judge of the circuit where the proceedings were had), who granted an ex parte order for a rehearing. *Held,* such order was erroneous, even if the judge of the adjoining circuit could properly entertain it.

JUNE 14, 1917.

Motion to vacate judgment, etc. Before Judge Searcy. Pike superior court. February 26, 1916.

The Gem Knitting Mills was declared a voluntary bankrupt, and T. J. Berry was appointed its trustee and qualified as such. On the direction of the bankruptcy court he instituted a suit in the superior court of Pike county against B. M. Turner and others, to recover certain property alleged to have been preferentially conveyed by the bankrupt prior to bankruptcy. At the appearance term of this suit, to wit, April, 1914, a settlement was reached between the attorney of the trustee and the defendants, whereby the case was to be settled upon the payment of the attorney's fees and costs of suit. The settlement was carried out, and an order was taken that the case be entered "settled" upon the dockets and records of the court. Thereafter Berry resigned as trustee and George W. Wood was appointed as his successor. The new trustee, after the term at which the order of settlement had been passed, filed in the superior court of Pike county a motion to set aside the

order of settlement, on the ground that the order was void because the plaintiff trustee had no power or authority to settle the case. The defendants filed their demurrers and answers to the petition; and at the trial thereof, his honor Judge Daniel, of the Flint circuit, which circuit embraces Pike county, presided. He rendered a judgment on May 15, 1915, refusing the prayers of the petition. Shortly thereafter, on May 27, 1915, Judge Daniel died. On June 12 following, no successor to Judge Daniel having been appointed, Wood presented a petition to Judge Mathews, of the Macon circuit, praying for a rehearing of the petition to set aside, which had been heard and passed on by Judge Daniel. As a ground for rehearing it was alleged that it was impossible for the movant to sue out a bill of exceptions to the judgment rendered by Judge Daniel, because no disinterested member of the bar was present at the trial, and it was impossible under the law to have a bill of exceptions certified so as to review the judgment rendered by Judge Daniel. Judge Mathews ordered a rehearing, and issued a rule nisi requiring the defendants to show cause, before the judge of the Flint circuit, why the order of Judge Daniel of May 15, 1915, should not be revoked, and an order passed in lieu thereof, setting aside the original order settling the case, passed at the April term, 1914, of the court. This motion came on to be heard before Judge Searcy, of the Flint circuit, who, after hearing the petition, passed an order refusing to revoke the order of Judge Daniel of May 15, 1915. The plaintiff excepted to this order; and the defendants by cross-bill excepted to the order of Judge Mathews granting a rehearing.

*Mallary & Wimberly* and *John R. L. Smith,* for plaintiff.

*W. H. Beck* and *Hardeman, Jones, Park & Johnston,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) When the case was dismissed by Berry, trustee, as having been settled, and an entry of the order of settlement was made on the records of the court, that was an end of that litigation. Only a party to that litigation could lawfully move to set it aside, by a supplementary motion made in that case, as only a party may move for a new trial or for a rehearing. *DuPree* v. *Drake,* 94 *Ga.* 456 (19 S. E. 242). When Wood succeeded Berry as trustee, it was competent for him to file an independent proceeding to set aside the judgment ren-

dered in the case to which his predecessor was a party. He did this, and Judge Daniel refused to vacate the previous order of settlement passed by him. The remedy of Wood, trustee, was to except to that judgment. But he alleges that it was impossible for him to do so, as the sudden death of Judge Daniel within the time for exception prevented a certification of the bill of exceptions by the trial judge. He further contends that, as no disinterested member of the bar was present at the trial of the case, he is unable to procure a certification as provided in cases of the death of the presiding judge. Civil Code (1910), § 6155. A party to a suit has no vested right to an appeal or writ of error from one court to another; the right of appeal is not a common-law right, but depends on written law. *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278). The written law undertakes to provide for the certification of a bill of exceptions; and if the particular circumstances of a given case are such that the losing party is unable to successfully prosecute a writ of error, his failure to obtain a review of the case comes from the failure of the written law to provide for the particular circumstances in which he finds himself. That he may not be able to have a review of his case is no ground to open anew on rehearing the merits of the original case. Even if Judge Mathews had authority to open a case for a rehearing, he could not properly do so on ex parte motion of the movant. The former judgments rendered were binding upon the parties as to their respective rights and liabilities upon which the judgment operated, and one of them will not be permitted to nullify the rights of the other thereunder without first giving him a hearing. The maxim, *audi alteram partem,* is the fundamental basis of due process of law.

Having reached the conclusion that the judgment of Judge Mathews was erroneous, the subsequent trial before Judge Searcy on the merits of the case could not affect the parties' rights under the former judgments. Accordingly, as the controlling question is presented by the cross-bill of exceptions, and as the judgment therein complained of is *reversed,* the main bill of exceptions will be *Dismissed. All the Justices concur.*