HARRIS *et al.* v. WESTER *et al.*

268

No. 9567.   FEBRUARY 14, 1934.

270

W. H. *Harris,* for plaintiffs.

T. S. *Felder* and G. B. *Culpepper Jr.,* for defendants.

ATKINSON, J. The bill of exceptions was tendered to Judge H. A. Mathews on January 9, 1931. He did not at that time certify the bill of exceptions, because it specified evidence which had not been consented to by counsel, and had not been approved by the trial judge. It was not agreed to for a year thereafter. Judge Mathews died on September 28, 1931, not having approved a perfected brief of evidence. It was held in *Duke* v. *Kelly,* 136 *Ga.* 832 (72 S. E. 250): "Where a bill of exceptions, on October 19th,

1909, was presented to the judge, who held the same for examination until December 14th, 1910, before certifying it, and counsel for the plaintiff in error in the meantime made no effort to obtain a mandamus to compel the judge sooner to certify the bill of exceptions, the writ of error will be dismissed." It was held, in *Walker* v. *Wood*, 119 *Ga.* 624 (46 S. E. 869) : "Where a bill of exceptions is returned to counsel for correction and alteration, it should be retendered to the judge in its corrected form within a reasonable time; and where, in a given case, counsel delayed retendering the bill of exceptions for fifty-five days after the same was returned to him, the writ of error will be dismissed, unless it appears that the delay was occasioned solely by providential cause or imperative necessity." It was held in *Jensen* v. *Jacobs Pharmacy Co.*, 143 *Ga.* 724 (85 S. E. 873) : "To the direction of a verdict rendered on January 13, 1914, a bill of exceptions was sued out, which contained eight pages. In the certificate the trial judge stated: 'This bill of exceptions was presented to me on February 2nd, 1914. I was out of the State during the month of February, 1914. I turned over the bill of exceptions to counsel for defendant in error, March 5th, 1914. He stated that the bill of exceptions was not correct; and I requested counsel for defendant in error and plaintiff in error to try to agree upon the bill. It was presented to me again and agreed upon by counsel this May 23rd, 1914, on which day I sign this certificate.' On motion to dismiss the bill of exceptions, on the ground that it is not certified within the time required by law: *Held,* that the motion must prevail."

No appeal was made to the court to force an agreement on the evidence, and no legal excuse appears for the delay from January 9, 1931, to September 28, 1931, the time being eight months. In *Sutton* v. *Valdosta Guano Co.*, 115 *Ga.* 794 (42 S. E. 94), it was held: "While a party to whose attorney a bill of exceptions has under the Civil Code, § 5545, been returned for correction is entitled to reasonable time within which to meet and remove the judge's objections thereto, the latter has no authority to extend for an unreasonable period the right of such party to tender a correct bill of exceptions. This is a matter which is regulated by statute, and as to which the judge has no discretionary powers. Accordingly, if a bill of exceptions be so returned to counsel and a true and correct bill of exceptions be not tendered until after

the lapse of seven months, the delay not being occasioned by providential cause, the judge is without power to then certify, and the writ of error must be dismissed." Further, if the delay were excusable between January 9, 1931, and September 28, 1931, when the death of Judge Mathews occurred, then the bill of exceptions should have been certified in accordance with the Civil Code, § 6155. The fact that the plaintiffs in error presented their bill of exceptions to Judge Brown, successor to Judge Mathews, who had no jurisdiction, was without legal effect. The plaintiffs in error were charged with knowledge of the law, and delay is not tolled by failure to observe the mandate of § 6155, dealing with the procedure where the presiding judge dies before the bill of exceptions is signed. Plaintiffs in error endeavor to excuse the failure to observe § 6155 by the fact that there was no disinterested witness until March 26, 1932, when Mr. C. L. Shepard became disinterested by reason of his withdrawal as counsel for defendants in error. This is not sufficient excuse. It has been held: "A party to a suit has no vested right to an appeal or writ of error from one court to another; the right of appeal is not a common-law right, but depends on written law. *Griffin* v. *Sisson*, 146 *Ga.* 661 (92 S. E. 278). The written law undertakes to provide for the certification of a bill of exceptions; and if the particular circumstances of a given case are such that the losing party is unable to successfully prosecute a writ of error, his failure to obtain a review of the case comes from the failure of the written law to provide for the particular circumstances in which he finds himself." *Wood* v. *Turner*, 147 *Ga.* 93, 95 (92 S. E. 878). Suppose a case was tried wherein the only counsel present were one attorney for the plaintiff and two attorneys for the defendant, and the plaintiff wished to appeal his case to the Supreme Court, but just before he presented his bill of exceptions the trial judge died. There would be, under the contentions of the plaintiffs in error in this case, no disinterested counsel, and therefore no legal writ of error could be obtainable. But suppose several years afterward one of the counsel for the defendant resigned as attorney in the pending case, could a bill of exceptions be sued out at that time? In a case where the presiding judge dies, and it is sought to comply with the Civil Code, § 6155, the plaintiff in error must proceed with due diligence. It was held in *Kelsoe* v. *Taylor*, 62 *Ga.*

160 : "In case of the death of the presiding judge and the verification of the bill of exceptions under section 4255 of the Code, the plaintiff in error must use diligence to prosecute his case to the next term of the Supreme Court, and if it appear on the face of the record that the counsel drew his affidavit on the 6th of July and delayed to take the oath until the 26th of July, and thereby lost a term, and no satisfactory reason therefor appears, the writ of error will be dismissed." It has also been held in *Cowart* v. *Page,* 59 *Ga.* 235 (2) : "Where, because of the judge's death after the bill of exceptions was delivered to him, and before he certified it, the authentication of the bill is by counsel and another member of the bar, under section 4255 of the Code, the date of the death need not appear, full diligence being shown to complete the authentication as soon as practicable, and the case having reached this court in time for the term to which it would have been returnable had the authentication been by the judge himself." It has frequently been held that where a bill of exceptions is not transmitted to this court with proper diligence, because of the fault of the clerk himself, the writ of error will be dismissed. *Branch* v. *Schlittler,* 149 *Ga.* 482 (100 S. E. 567) ; *Atlantic Coast Line Railroad Co.* v. *Georgia Sweet Potato Growers Asso.,* 171 *Ga.* 30 (154 S. E. 698). So here the same bill of exceptions that was tendered to Judge Mathews on January 9, 1931, is presented for the correction of errors alleged to have been committed several terms before; and the court has no jurisdiction.

*Writ of error dismissed. All the Justices concur.*