FIELDS *v.* FIELDS.

JENKINS, Chief Justice. 1. The evidence was sufficient to sustain the verdict; and special grounds 4, 5, and 6, being but amplifications of the general grounds, are therefore without merit.

2. Special grounds 7 and 8 attack the process issued and served, but are without merit, since it is provided by the Code, § 81-209, that "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." See also *Harper* v. *Tennessee Chemical Co.*, 37 *Ga. App.* 433 (2) (140 S. E. 408).

3. Special grounds 9, 10, and 11 attack the verdict and decree, setting up a special lien on the property in the amount found to have been furnished by the plaintiff, on the theory that they do not conform to the evidence or to the pleadings. The evidence was sufficient to authorize the jury to find that the plaintiff had advanced the amount indicated by the verdict, not as a gift, but in order that the defendant husband might secure the loans required to launch his business. As to the form of the verdict and decree, the petition by an alternative prayer asks for a lien such as was decreed. Moreover, as to the form of the decree, "A motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict; and therefore errors committed by the court in the rendition of a decree or judgment can not be reached by a motion for a new trial." *Herz* v. *Claflin Co.*, 101 *Ga.* 615 (5) (29 S. E. 33).

4. Special grounds 12 and 13 attempt to set out three alleged errors: (1) that the court erred in failing to charge the jury without request the full and complete contentions of the parties; (2) that the court failed

to mould the decree in accordance with the pleadings in the case; (3) that the court failed to charge the jury the entire law applicable to the evidence, facts, and pleadings. As to point (1), the exception is in most general terms without in any way specifying just how and wherein the court failed to charge the contentions of the parties; but we think, irrespective of any such vagueness in the exception, that the charge was amply sufficient to indicate to the jury that the main controversy lay in whether or not the plaintiff had advanced to her husband the amounts claimed to have been furnished, and this constituted the main bone of contention under disputed evidence throughout the trial. As to point (2), even could it be assumed that such a question is here presented on a motion for new trial, the point is without merit. The jury found in favor of the plaintiff for $5000. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. In view of the pleadings, including the alternative prayer and the charge of the court, it did not err in moulding a decree so as to set up a lien, inferior to the prior liens indicated by the petition, in favor of the plaintiff in the amount found by the verdict. As to point (3), here the exception is altogether general and vague, but an examination of the charge shows that the court did in fact clearly submit the one salient issue in the case, such as would authorize or deny to the plaintiff the right to the lien as set forth in the decree. If other related principles of law, which are not mentioned or set forth in the motion, were desired to be given in charge, a request therefor should have been made.

5. Special ground 14 of the amended motion complains that the court erred in failing to charge the jury on the salient point of tender, as warranted and required by the pleadings and evidence. Irrespective of any question as to the completeness and sufficiency of the general assignment (see *May* v. *Sorrell*, 153 *Ga.* 47, 65 (15), 111 S. E. 810), since the jury found a money verdict in favor of the plaintiff, and the court in conformity therewith entered a lien on the property in accordance with the alternative prayer of the petition, instead of decreeing title to the property in the plaintiff after a refund of any purchase-money furnished by the defendant, the question of tender by the plaintiff of any amount paid by the defendant was irrelevant to the verdict and decree as rendered.

6. Special ground 15 assigns error on an excerpt from the charge of the court, (1) because the decree rendered was not in accordance with the pleadings and evidence; and (2) because it was inapplicable to the pleadings, evidence, and contentions of the parties. Point (1) has already been adversely dealt with. As to point (2), the charge to which exception is taken is as follows: "If you find there is such fund, a judgment should be rendered in her favor, and the court will prepare the decree that will take care of the parties in the premises." This excerpt from the charge, when taken in connection with its context, is not subject to the exception urged. The complete charge in this connection is as follows: "Gentlemen of the jury, Mrs. Mildred H. Fields files a petition in this court, and alleges that Eugene T. Fields is indebted to her in the sum which is set out in the petition, and the court respectfully refers you

to the petition to ascertain the sums that she alleges have been extended from her funds in the erection of certain property that is in the name of the defendant, Eugene T. Fields, and she asks from your hands a judgment so that she may be compensated for this money that she alleges has been spent on the construction of the property set out in the petition. She asks that the defendant be enjoined from disposing of the property and that the court appoint a receiver to sell the property and take over the property so that she may be paid or the property decreed in her name. That is something that you don't have to consider yourselves, but in this case to ascertain what, if any, amount of her money has been expended on the property of the defendant that he should in good conscience account to her for. If you find there is such fund, a judgment should be rendered in her favor, and the court will prepare the decree that will take care of the parties in the premises."

7. Special ground 16 complains of the form of the decree setting up a lien in favor of the plaintiff on the property involved in the amount found for her by the verdict. There would seem to be no merit in this exception; and besides, as already stated, a motion for new trial is not the proper method of raising such a question. See, in this connection, *Magid Orchards Corp.* v. *Moody,* 178 *Ga.* 222 (172 S. E. 464); *Lanier* v. *Council,* 179 *Ga.* 569 (14) (176 S. E. 614).

8. The plaintiff in error has filed a motion, seeking to file additional evidence to be considered in connection with the brief of evidence which was adduced at the trial of this case, the contention being that additional facts were brought out at a subsequent divorce proceeding between the parties to the litigation now before us; and the movant seeks to have this court consider a transcript of the evidence in the subsequent divorce trial. We know of no rule of law which would authorize such a procedure. The motion does not partake of the nature of an extraordinary motion for new trial, and does not in any wise comply with the requirements of a motion of that character. In effect it simply asks that the approved brief of evidence in this case be augmented by adding a transcript of the evidence taken at the trial of a different and subsequent proceeding.      *Judgment affirmed. All the Justices concur.*

No. 16172. APRIL 15, 1948.

564

*D. N. Brown, James L. Carmichael,* and *Williams & Smith,* for plaintiff in error.

*I. W. Rountree,* contra.