41106. INSURANCE COMPANY OF NORTH AMERICA v. EUNICE et al.

41107. INSURANCE COMPANY OF NORTH AMERICA v. EUNICE et al.

41108. INSURANCE COMPANY OF NORTH AMERICA v. EUNICE.

41109. INSURANCE COMPANY OF NORTH AMERICA v. EUNICE et al.

41110. INSURANCE COMPANY OF NORTH AMERICA v. EUNICE et al.

FRANKUM, Judge. ■ The questions for decision in all of these cases are raised by the defendant's respective motions for a new trial. All of the motions are alike. The first and second special grounds of the motions complain because the trial court failed and refused to grant defendant's "motion to vacate judgment," and because the court, in denying the respective motions to vacate the judgments, failed to consider certain evidence adduced on the hearing of said motions. It is well settled that: "A motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict." *Herz v. Claflin Co.,* 101 Ga. 615 (5) (29 SE 33). *Fields v. Fields,* 203 Ga. 561 (47 SE2d 640); *Smith v. Smith,* 220 Ga. 16 (136 SE2d 758); *Frazier v. Beasley,* 59 Ga. App. 500, 501 (2) (1 SE2d 458); *Patillo v. Thompson,* 106 Ga. App. 808, 809 (1) (128 SE2d 656). A ruling or decision of the court made subsequent to the rendition of a verdict can never, under the foregoing rule, be made the subject matter of a valid ground of a motion for a new trial, and it follows, therefore, that the first and second grounds of the respective motions for a new trial in these cases present no question for decision and were properly overruled.

■ The third special ground of each motion assigns error because the court admitted into evidence "and predicated the judgment rendered in" each case upon a certain letter written by the attorney for the defendant to the attorney for the plaintiffs. This ground of the respective motions fails to point out how the consideration of this letter by the court in rendering the respective judgments adversely affected the trials or influenced the verdicts. It is, therefore, under the principle of

law announced in the first headnote, insufficient to present any question respecting the propriety of admitting in evidence the letter therein referred to.

■ Under the defendant's answer in each of these cases the defendant admitted that the respective plaintiffs were covered by crop hail insurance policies issued by the defendant covering certain described tobacco crops, and it was further admitted that the plaintiffs, respectively, sustained losses to the crops covered resulting from a wind and hail storm. The sole defense made by the defendant in its respective answers was that the losses did not amount to the percentages claimed by the plaintiffs. In each of the cases the verdict of the jury is supported by evidence as to the percentages of loss claimed. The respective motions for a new trial on the general grounds were properly overruled.

*Judgments affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED FEBRUARY 5, 1965.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*J. H. Highsmith,* contra.