42036.   SMITH et al. v. MORGAN et al.

ARGUED MAY 4, 1966—DECIDED MAY 30, 1966—
REHEARING DENIED JUNE 23, 1966—

*Ralph U. Bacon,* for appellants.

*Brannen, Clark & Hester, W. Roscoff Deal,* for appellees.

EBERHARDT, Judge. ■ The motion to dismiss the appeal is denied, Headnote 1 requiring no elaboration.

■ As we have indicated, the evidence was voluminous, and a recital of it to demonstrate that the verdict is supported would serve no useful purpose. The general grounds of the motion for

new trial, the overruling of which is enumerated as error, are without merit.

■ In the course of the trial plaintiffs tendered a deed in evidence and sought to read the description of the land in it in connection with the interrogation of one of the plaintiffs, who was the grantor in the deed, the grantee being one of her predecessors in title when title came back into her. Counsel for the defendants thereupon stated: "I have no objection to you introducing the deeds, but the deeds are the highest and best evidence and speak for themselves," and urged, "It's not proper for him to read them at all. I mean it just takes up Your Honor's time." The objections were overruled, the deed was admitted and counsel was permitted to read the description in connection with his interrogation of the plaintiff and having her identify the deed.

Whether the description of the land in a deed which the witness had executed as grantor was a self-serving declaration concerning title to the land described (the title later having come back into the witness), need not be decided, for the deed was not offered to prove title, but merely as a part of the history of plaintiff's ownership. We see no error in the admission of the deed, and no abuse of discretion in permitting it to be read.

■ Defendants tendered in evidence tax returns of the plaintiffs for the years 1910 through 1963 for the purpose of showing that the amount of acreage claimed by them in their tax returns had varied and was considerably less than that now claimed in this action. These were excluded, on timely objection, because it appeared that the real question between these adjoining landowners was the location of boundary lines between them, and the tax returns could shed no light upon that issue. This ruling of the court was proper. While tax returns have been held to be admissible for the purpose of showing ownership and value (*Seagraves v. Seagraves*, 193 Ga. 280, 281 (18 SE2d 460), but see *Holt v. Daniel*, 47 Ga. App. 334 (1) (170 SE 383), *Carter v. Ray*, 70 Ga. App. 419, 429 (6) (28 SE2d 361), and *Gruber v. Fulton County*, 111 Ga. App. 71 (140 SE2d 552)), they are not evidence of boundaries or of the locations of boundaries, which do not appear on the returns.

■ Error is assigned on a charge of the court that as to

areas 5, 6 and 7 of the disputed lands the burden of proof was upon the defendants. There was no error in this charge, since in their amended answer the defendants affirmatively set up their claim to these areas and asked that title be decreed in them. *Code* § 38-103. Appellants concede in their brief that "It is true that defendants in the court below came back claiming that the plat made in accordance with the court's order showed that their lands had been encroached upon." The "coming back" was by way of amendment and cross action for these areas.

■ It is contended that there was a misjoinder of causes of action, for that there was a separate title history behind the several tracts or areas, no one of them being contiguous to another. The request for severance was made in defendants' answer, not as a claim of misjoinder by way of plea or special demurrer. Our present procedures make no provision for this, as does § 42 (b) of the Civil Practice Act of 1966, which becomes effective March 1, 1967. Consequently, denial of the request was not error (*Code* § 81-304; *McCullough v. Atlantic Refining Co.*, 181 Ga. 502 (2) (182 SE 898)), and this enumeration of error is without merit. Moreover, the several tracts were located at intervals along the common boundary between plaintiffs and defendants and it is immaterial that they may have been acquired through separate claims of title.

■ Other enumerations of error are not argued in the brief and are deemed abandoned. *Tift v. McCaskill*, 171 Ga. 289 (3) (155 SE 192).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*