## 48006. ALEXANDER v. BLACKMON.

PANNELL, Judge. This is an appeal by Lillian Alexander et al., plaintiffs-appellants, from an order and judgment of the Superior Court of Polk County, dated December 11, 1972, overruling their motions to set aside the judgment of dismissal and for a new trial; and from the judgment of dismissal of the court, dated August 16, 1972.

This action originated after appellants filed a complaint with John A. Blackmon as State Revenue Commissioner alleging that the

ad valorem tax digest for Polk County for 1971 was illegally prepared and asking for a hearing on this matter. The commissioner refused to grant the hearing, whereupon appellants filed an appeal to the Superior Court of Polk County. The commissioner filed a motion to dismiss the appeal and on May 4, 1972, argument of counsel for both sides was heard. However, the court delayed ruling on the motion so that both sides could confer with each other and with the court in a further attempt to reach a settlement and arrive at an agreed order. After a proposed order had been agreed upon by counsel for both parties and the court, it was to be submitted to appellants at a special meeting for their approval or rejection. Prior to this meeting, counsel for appellants informed the court that he would like an immediate ruling on motion to dismiss if appellants should reject the settlement proposal; whereupon, the court instructed him that the court had been ready to rule for some time, was now ready to rule, and had only been waiting to see if settlement could be reached.

On August 16, 1972, counsel for appellants hand-delivered to the court a letter which informed the court that appellants had rejected the settlement proposal and would strongly request an immediate ruling on the motion to dismiss. On that same day, the court signed and delivered to the clerk's office an order dismissing the appeal.

Appellants did not appeal the order of dismissal within the time required by law and on October 11, 1972, filed motions for a new trial and to set aside the dismissal. In this petition, appellants alleged that they had lost their right to appeal because they had failed to receive notice of the entry of the judgment of dismissal.

On December 11, 1972, after hearing argument, the court ruled that, under the circumstances of this case, it felt that neither "as a matter of law nor as a matter of equity or discretion" should it set aside the judgment of dismissal, and the court overruled appellants' motion. The critical question on this appeal is whether appellant is entitled as a matter of right to the notice of the entry of judgment as a precedent to the running of the appeal.

1. Under Georgia law, a notice of appeal must be filed within thirty days after the entry of the appealable decision or judgment. Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077 (Code Ann. § 6-803). *Smith v. Morgan,* 113 Ga. App. 865 (150 SE2d 164); *Langdale Co. v. Day,* 115 Ga. App. 30, 33 (153 SE2d 671). Entry

of judgment is accomplished when a judgment signed by the judge is filed with the clerk. Ga. L. 1965, pp. 18, 32 (Code Ann. § 6-903); *Crowe v. Holloway Development Corp.,* 114 Ga. App. 856 (152 SE2d 913); *Langdale Co. v. Day,* 115 Ga. App. 30, 33, supra. A study of the foregoing statutes and decisions makes it abundantly clear that in Georgia, notice is not required as a condition precedent to the 30-day period in which to file an appeal begins to run.

2. Appellants allege the notice of entry of judgment is required under the United States and Georgia Constitutions to meet due process of law requirements, and therefore Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077 (Code Ann. § 6-803) is unconstitutional for failing to provide for a notice before the period of limitation on appeal begins to run. Both the Supreme Court of the United States and the Supreme Court of Georgia have addressed the issue of due process and appellate procedure. The technical right of appeal was not known to the common law; it exists only by virtue of the statute or constitutional provision. *Davison v. Bush,* 8 Ga. App. 34, 36 (68 SE 495). Therefore, a party has no vested right to an appeal from one court to another. *Griffin v. Sisson,* 146 Ga. 661 (92 SE 278); *Wood v. Turner,* 147 Ga. 93 (92 SE 878). In National Union &c. Assn. v. Arnold, 348 U. S. 37 (75 SC 92, 99 LE 46) (1954) the Supreme Court stated that the provision of the Fourteenth Amendment to the United States Constitution requiring due process of law does not contemplate the right to appeal. Where such right of appeal is given, the state may prescribe the conditions and procedure to be followed. Lott v. Pittman, 243 U. S. 588 (37 SC 473, 61 LE 915).

3. Under the circumstances of this case, the trial court's decision to overrule appellant's "motion for new trial and to set aside dismissal" was not improper. Three methods of direct attack on a judgment exist under Ga. law: motion for new trial, motion to set aside and complaint in equity. Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240 (Code Ann. § 81A-160 (b)). A motion for a new trial (Code Ann. § 81A-160 (c)) must be predicated upon some extrinsic defect which does not appear upon the face of the record or pleadings. Furthermore, a motion for new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict. *Herz v. H. B. Claflin Co.,* 101 Ga. 615 (5) (29 SE 33); *Fields v. Fields,* 203 Ga. 561 (47 SE2d 640). A motion to set aside (§ 81A-160 (d)) must be predicated upon some nonamendable defect which does appear

upon the face of the record or pleadings. The appellants alleged no such defects and the court below could only consider appellants' motions under its equitable powers.

A court has an inherent power to change its judgment under its equitable powers during the term in which such judgment was rendered. *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183). Even under the inherent equitable power the judgment must have been obtained by ". . . fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Code Ann. § 81A-160 (e).

Appellants' ground their complaint, not that the judgment was obtained by fraud, accident or mistake, or acts of the adverse party unmixed with their own negligence, but that they did not ascertain that the judgment had been entered in time to appeal.

Parties to litigation must always pursue their legal remedies diligently in order to avoid inextricable confusion in the courts and the defeat of an orderly administration of justice. *Caylor v. Wheat,* 210 Ga. 429 (80 SE2d 688). In a case much like the instant case, *Donaldson v. Roberts,* 109 Ga. 832 (35 SE 277), the court held that it was the duty of counsel to keep himself advised by the progress of his case and to inquire as to whether it had been decided. In that case, the plaintiff claimed an understanding with the judge at the time the motion was submitted; that the judge would notify counsel in case of an adverse decision in time for a bill of exceptions to be sued. In the face of this, the court still held that, even if all the allegations were true, counsel should have recognized that a judge has more than one case and might in good faith forget the promise, and that such an understanding did not relieve counsel of the duty of ascertaining the progress of the case and when the judge was likely to decide it; and that because counsel failed to exercise full diligence at law he was entitled to no relief in equity.

In consideration of the foregoing, we conclude that the court below did not abuse its discretion in refusing to grant appellants' "motion to set aside judgment of dismissal and motion for a new trial."

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED APRIL 9, 1973 — DECIDED MAY 11, 1973 — REHEARING DENIED JUNE 15, 1973 —

*Marson G. Dunaway, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,*

*Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Bryant L. Durham, Wayne W. Gammon,* for appellee.