### 34946. SACKETT v. L. L. MINOR COMPANY, INC.

BOWLES, Justice.

This appeal involves a land line dispute. Appellee filed an action against appellant alleging trespass, and prayed for injunctive relief and damages. Appellant answered, denying all essential elements of the complaint and counterclaimed for injunctive relief and damages. As delineated by the pleadings, the issue to be decided was the ground location of the line dividing the property of the parties. The case was heard by a jury. A verdict was returned fixing the line proposed by appellee. The court entered its judgment in accord with the verdict, and enjoined appellant from trespassing in any manner on the land owned by appellee. We affirm.

1. Appellant complains that the trial court erred in admitting testimony of witness Robert Standridge, whose

name had not been furnished appellant in response to certain interrogatories. In ruling to allow the testimony, the trial judge noted that the interrogatories were not continuing, that appellee's trial counsel had not been corporate counsel at the time the interrogatories were served on the corporation and that the witness was an employee and agent of the L. L. Minor Company and therefore a party to the action. Appellant did not ask for a continuance or for additional time in which to interview the witness.

The decision to allow the witness to testify rested within the sound discretion of the trial judge. *Nathan v. Duncan,* 113 Ga. App. 630 (7) (149 SE2d 383) (1966). Under the facts presented, we find no abuse of that discretion.

2. Appellant complains that the trial court erred in admitting certain photographs depicting the area in dispute and testimony in regard thereto. A foundation was laid for the introduction of the photographs and testimony, by a showing that the photographs were true and accurate representations of the area. It was not necessary to show that the witness himself had taken the photographs, or had them in his custody. *Cagle Poultry &c. Co. v. Busick,* 110 Ga. App. 551 (139 SE2d 461) (1964). The photographs were relevant and properly admitted.

3. Appellant complains that the trial court erred in admitting testimony of Worthan Tauton, a long time resident of the area. The witness testified that he had been familiar with the area surrounding the land lots presently owned by appellee and appellant. His testimony identified the northern boundary of the L. L. Minor Company lot, and identified other landmarks in the area. Appellee objected that this testimony was irrelevant.

We find no error in admitting the testimony which was offered to show the witness' general knowledge of the area, and to lay a proper foundation for the witness' subsequent testimony setting the boundary line in dispute based on the general understanding by the community.

4. Appellant complains that the trial court erred in excluding certified copies of ad valorem property tax returns made by appellee for the years 1964 through

1972, and testimony in regard thereto.

We find no error. "While tax returns have been held to be admissible for the purpose of showing ownership and value [cits.], they are not evidence of boundaries or of the location of boundaries, which do not appear on the returns." *Smith v. Morgan,* 113 Ga. App. 865 (4) (150 SE2d 164) (1966).

5. Appellant complains that the trial court erred in excluding from the jury room a sketch made by witness Littlefield, and used to illustrate his testimony. A plat of survey made by the witness had been introduced into evidence as an exhibit. This additional sketch was a summarization of the witness' testimony and was properly excluded. *Ga. Power Co. v. Walker,* 101 Ga. App. 454 (114 SE2d 159) (1960); *Long v. Serritt,* 102 Ga. App. 550 (1) (117 SE2d 216) (1960); *Housing Authority of City of Atlanta v. Goolsby,* 136 Ga. App. 156 (220 SE2d 466) (1975); Agnor's Ga. Evidence 324, § 15-12.

6. Appellant complains that the trial court erred in failing to charge the jury on acquiescence, and in submitting a charge on adverse possession. We find no error. Appellee's claim rested upon its actual possession of land up to its contended boundary line for a period in excess of seven years. The doctrine of acquiescence was not involved under the facts of the case. The evidence did authorize the court's charge on adverse possession. *Lyons v. Bassford,* 242 Ga. 466 (3) (249 SE2d 255) (1979).

7. Appellant complains that the trial court erred in making a prejudicial remark in the presence of the jury. We find no error, and appellant has failed to demonstrate how his case was harmed by the remark.

8. The trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

Submitted May 25, 1979 — Decided September 7, 1979 — Rehearing denied September 27, 1979.

*J. Lamar Worthy,* for appellant.

*Kelly, Denny, Pease & Allison, Ray L. Allison,* for

appellee.