## S01A0768. KENNEDY v. THE STATE.
### (554 SE2d 178)

SEARS, Presiding Justice.

The appellant, Helene Kennedy, appeals from her conviction for the malice murder of her husband Terry Kennedy and for the possession of a firearm during the commission of a crime.[1] On appeal, Ms. Kennedy contends, among other things, that she received ineffective assistance of trial counsel; that she was not present at all critical stages of her trial; and that the trial court erred in not permitting her expert witness to testify that Ms. Kennedy suffered from post-traumatic stress disorder. Finding no merit to these contentions, as well as no merit to Ms. Kennedy's other contentions, we affirm.

1. On appeal, Ms. Kennedy does not challenge the sufficiency of the evidence to support her convictions for malice murder and the possession of a firearm during the commission of a crime. We conclude, however, that viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have rejected Ms. Kennedy's claim that she acted in self-defense in shooting her husband,[2] and instead could have found Ms. Kennedy guilty of malice murder and the possession offense beyond a reasonable doubt.[3]

2. In her first enumeration of error, Ms. Kennedy contends that the trial court erred in declining to hold that her trial counsel was ineffective for failing to request a charge that Mr. Kennedy's prior violent conduct towards Ms. Kennedy and third parties could be considered in support of her defense of justification. Ms. Kennedy further contends that the failure to request such a charge means that there was effectively no charge on her sole defense of justification. We have, however, held that where, as here, the trial court gives a complete charge on justification and on the battered woman syndrome, there is no duty "to instruct the jury on prior violent acts by

---

[1] The crimes occurred on January 2, 2000. Ms. Kennedy was indicted on February 7, 2000, for malice murder, felony murder, and possession of a firearm during the commission of a crime. Following a jury trial, she was found guilty on June 22, 2000, of malice murder and of the possession of a firearm during the commission of a crime and not guilty of felony murder. On June 22, the trial court sentenced Ms. Kennedy to life in prison for malice murder and to five concurrent years in prison on the possession offense. Ms. Kennedy obtained new appellate counsel, and on July 3, she filed a motion for new trial. On October 13, 2000, the court reporter certified the trial transcript. On January 23, 2001, Ms. Kennedy filed an amended motion for new trial, and on January 26, the trial court denied Ms. Kennedy's motion for new trial, as amended. On January 29, 2001, Ms. Kennedy filed a notice of appeal, and on February 20, the appeal was docketed in this Court. The appeal was orally argued on May 21, 2001.

[2] To support her claim that she acted in self-defense, Ms. Kennedy introduced evidence that Mr. Kennedy was abusive to her and to third parties; that he was violent and abusive on the night of the crimes; and that she suffered from the battered woman syndrome.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the victim,"[4] and there is no violation of the rule that "requires that a defendant's sole defense must be charged even when not requested."[5] Thus, contrary to Ms. Kennedy's assertion, trial counsel's failure to request the charge in question did not mean that Ms. Kennedy's sole defense was not presented to the jury. Moreover, given the fact that the trial court gave a complete charge on justification and the battered woman syndrome, and given the fact that Ms. Kennedy's counsel was free to argue in closing that the evidence of the victim's prior conduct supported that defense, we conclude that Ms. Kennedy has failed to satisfy the prejudice prong of her ineffectiveness claim.[6]

3. Although Ms. Kennedy was in the courtroom during trial when several bench conferences occurred, she was not physically present at the bench during the conferences. She thus contends that she was not present at all critical stages of her trial and that her conviction must therefore be reversed. We conclude that Ms. Kennedy has waived any objection to her absence from the bench conferences in question. In *Hanifa v. State*,[7] we held that "a defendant waives appellate review of an allegedly improper judge/jury communication when, prior to verdict, defendant is aware of the communication and fails to voice an objection."[8] Moreover, in *Holsey v. State*,[9] after the trial court disclosed that a trial proceeding had taken place in the defendant's absence and the defendant voiced no objection, we held on appeal that the defendant had acquiesced in the proceeding.[10] In the present case, because all of the bench conferences in question took place while Ms. Kennedy was in the courtroom, and she voiced no objection to them, she has waived appellate review of the alleged improper conferences.[11]

4. Ms. Kennedy next contends that the trial court erred in failing to give the jury a charge on circumstantial evidence that tracked the language of OCGA § 24-4-6. However, because Ms. Kennedy did not request such a charge and because the evidence consisted of direct and circumstantial evidence, the trial court did not err in failing to give the charge in question.[12]

5. Ms. Kennedy was indicted for malice murder (Count 1), felony murder (Count 2), and possession of a firearm during the commission of a crime (Count 3). As for the malice murder count, the trial court

[4] *Camphor v. State*, 272 Ga. 408, 413 (6) (a) (529 SE2d 121) (2000).
[5] Id.
[6] See *Chapel v. State*, 270 Ga. 151, 158-159 (510 SE2d 802) (1998).
[7] 269 Ga. 797, 806-808 (6) (505 SE2d 731) (1998).
[8] Id. at 808.
[9] 271 Ga. 856, 860-861 (5) (524 SE2d 473) (1999).
[10] Id. at 861.
[11] *Hanifa*, 269 Ga. at 808; *Holsey*, 271 Ga. at 861.
[12] *Sharpe v. State*, 272 Ga. 684, 690 (12) (531 SE2d 84) (2000).

instructed the jury on the lesser included offense of voluntary manslaughter. The jury returned an initial verdict of guilty on Counts 1, 2, and 3, without specifying whether it had found appellant guilty of malice murder or voluntary manslaughter on Count 1. The trial court required the jury to return to the jury room and to complete the verdict by specifying whether it found appellant guilty of malice murder or voluntary manslaughter on Count 1. The jury subsequently returned a verdict of guilty of malice murder on Count 1.

On appeal, Ms. Kennedy contends that the verdict on Count 1 was ambiguous, that the trial court was required to construe the ambiguous verdict in her favor, and that in so construing the verdict, the trial court should have entered a verdict for voluntary manslaughter. We disagree with this contention, as we have held that when an ambiguous or mutually exclusive verdict is returned by a jury, the trial court "may refuse to accept the verdict and require the jury to continue its deliberations."[13] Accordingly, the trial court did not err in the present case in returning the jury to the jury room for further deliberations.

6. Ms. Kennedy contends that the trial court erred in charging the jury that if

> you find there is a conflict in the evidence, then you should settle that conflict, if you can do so, without believing that any witness or witnesses made a false statement or committed perjury. If you find there are conflicts in this case and these cannot be reconciled by you, then you should believe the witness or witnesses that you think best entitled to belief.

Ms. Kennedy's contention that such a charge is erroneous because it contains the "presumption-of-truthfulness" charge that we disapproved in *Noggle v. State*[14] has recently been decided adversely to her.[15] Accordingly, this enumeration is without merit.

7. In her final enumeration of error, Ms. Kennedy contends that the trial court erred in refusing to permit her expert to testify not only that Ms. Kennedy was suffering from battered woman syndrome but also that she was suffering from post-traumatic stress disorder. Ms. Kennedy contends that if the expert would have been allowed to testify about post-traumatic stress disorder, the expert would have

---

[13] *State v. Freeman*, 272 Ga. 813, 815 (537 SE2d 92) (2000). Accord *Wade v. State*, 258 Ga. 324, 331-332 (368 SE2d 482) (1988).

[14] 256 Ga. 383 (4) (349 SE2d 175) (1986).

[15] *Mallory v. State*, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999). See also *Blackmon v. State*, 272 Ga. 858, 859-860 (536 SE2d 148) (2000).

been able to explain that people suffering from post-traumatic stress disorder may omit pieces of the traumas they experience, a condition known as psycho tropic amnesia. According to Ms. Kennedy, the expert also would have explained why Ms. Kennedy stayed with Mr. Kennedy throughout the battering. We conclude, however, that even if the trial court erred in precluding the expert from testifying that Ms. Kennedy suffered from post-traumatic stress disorder,[16] the error was harmless. This is because the expert gave extensive testimony concerning the battered woman syndrome, and specifically testified that people suffering from trauma like that of Ms. Kennedy will have psycho tropic amnesia and will stay with a batterer rather than leave. Considering the extensive testimony regarding Mr. Kennedy's acts of violence, considering that the expert gave extensive testimony that was cumulative of the testimony the expert would have given on post-traumatic stress disorder, and considering that the trial court properly charged on justification and the battered woman syndrome, we conclude that any error in precluding the expert from testifying about post-traumatic stress disorder was harmless.[17]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 2001.

*Brian Steel*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[16] Apparently, no court in this State has made a "determination whether the post-traumatic stress syndrome had reached a scientific stage of verifiable certainty so as to become competent evidence under *Harper v. State*, 249 Ga. 519 (1) (292 SE2d 389) (1982)." *Johnson v. State*, 266 Ga. 624, 625, n. 3 (469 SE2d 152) (1996). Accord *Carter v. Glenn*, 243 Ga. App. 544, 549, n. 2 (533 SE2d 109) (2000); *Prickett v. State*, 220 Ga. App. 244, 247-248 (469 SE2d 371) (1996).

[17] *Taylor v. State*, 272 Ga. 744, 746-747 (2) (534 SE2d 67) (2000).