S03A1763. TARVIN v. THE STATE.
(591 SE2d 777)

THOMPSON, Justice.

Stanley Tarvin was convicted of arson in the first degree, felony murder, and four counts of aggravated assault, resulting from a fire set at a residence occupied by Carrie Lynn Coleman, her four children, and her twelve-year-old brother.[1] On appeal, Tarvin challenges several evidentiary rulings by the trial court, and he claims that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in favor of the verdict, the evidence showed that Tarvin gave permission for Coleman, his wife's sister, to occupy a mobile home on the Tarvin property along with her four children and her brother for a few weeks while her residence was being prepared for occupancy. After Coleman moved out, Tarvin became aware that several items belonging to him were missing from the mobile home, and he believed that she had stolen them. Tarvin, accompanied by his wife and two children, drove to Coleman's home where he confronted her about the missing property. A physical altercation ensued between Tarvin and Coleman, after which she ordered him and the others to leave. Tarvin's wife testified that he walked from the residence to his vehicle where he retrieved a gasoline can, that he pro-

---

[1] The crimes took place on November 8, 1997. On May 4, 1998, Tarvin was charged in a nine-count indictment with malice murder, felony murder while in the commission of an arson, arson in the first degree, aggravated assault (four counts), simple battery, and criminal trespass. After trial held on October 19 to 29, 1998, Tarvin was found guilty of felony murder, arson, and four counts of aggravated assault; he was acquitted of the remaining offenses. He was sentenced to life imprisonment for felony murder, plus consecutive terms for the aggravated assaults. Tarvin filed a timely motion for new trial, which was amended on March 19, 2002 and October 17, 2002. The motion was denied on November 27, 2002. A notice of appeal was filed on December 20, 2002. The case was docketed in this Court on August 14, 2003, and oral argument was heard on November 17, 2003.

ceeded to pour gasoline onto the back door of Coleman's home, and that he ignited a fire with a burning cigarette.

Meanwhile, Coleman left her children in the care of her brother and drove to the sheriff's office to report the altercation with Tarvin. When she returned, she discovered the fire at her home, and she observed a neighbor attempting to resuscitate her three-year-old daughter who had been severely burned. The child died several days later from her injuries. The other children were taken from the burning house to the home of a neighbor.

Through expert testimony and physical evidence, it was established that the fire had been intentionally set using gasoline as an accelerant, and that the point of origin was outside of the laundry room door at the back corner of the residence.

1. The evidence was sufficient to enable a rational trier of fact to find Tarvin guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Tarvin offered evidence at the hearing on the motion for new trial that the father of the deceased child displayed photos of the child on the courthouse steps and in a restaurant frequented by jurors during the trial. Although this information was known during trial, it was not asserted until the motion for new trial. It is, therefore, untimely and presents nothing for review. See *Kennedy v. State*, 274 Ga. 396 (3) (554 SE2d 178) (2001); *Hurst v. State*, 260 Ga. App. 708 (2) (580 SE2d 666) (2003).

3. During jury deliberations, a note was returned by the foreman asking for "verification" when the jurors realized that the name of the aggravated assault victim in Count 7 of the indictment was listed as "Wayne Lee David," while all the evidence established the victim to be "Wayne Lee Davis." The trial court explained to the jurors that the discrepancy was merely a typographical error. Assuming without deciding that this issue was timely and properly asserted in the trial court, but see *Rucker v. State*, 114 Ga. 13 (1) (39 SE 902) (1901), no error has been shown. " 'A variance between the victim's name as alleged in the indictment and as proven at trial is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved.' [Cit.]" *Strozier v. State*, 277 Ga. 78, 80 (586 SE2d 309) (2003). All testimony proved that the victim was Wayne Lee Davis, and it is clear that the two names referred to the same individual.

4. Tarvin asserts that the trial court erred in denying his motion to suppress a red gasoline can seized from his residence during the execution of a search warrant.

On the day after the fire, police executed an arrest warrant for Tarvin at his residence. At the time, he was charged with simple bat-

tery and criminal trespass relating to the events at Coleman's home, and he was a suspect in the arson. After Tarvin was arrested and taken into custody, his wife gave her consent to search their residence. During the search, the police observed a red gasoline can, and Tarvin's wife told them that Tarvin had used the gasoline can to pour the accelerant on Coleman's house. Nine days later, the officers used this information to obtain a warrant to search Tarvin's residence and to seize the gasoline can.

Tarvin now asserts that the fruits of the search should be suppressed because the information that provided the basis for probable cause was stale. In assessing staleness as it relates to probable cause, we view the totality of the circumstances to determine whether there was a " 'reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant.' " *Carruthers v. State*, 272 Ga. 306, 312 (5) (528 SE2d 217) (2000). See also *Mitchell v. State*, 239 Ga. 456 (2) (238 SE2d 100) (1977). Applying that analysis, we find a reasonable probability that the item to be seized would remain in existence at the location described to the issuing magistrate. The affidavit was adequate and the trial court did not err in denying the motion to suppress.

Tarvin's remaining ground for suppression of the evidence was neither raised nor ruled on in the court below and will not be considered on appeal. See *Milton v. State*, 252 Ga. App. 149 (555 SE2d 818) (2001).

5. Tarvin claims he was denied effective assistance from his two co-counsel at trial. In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Doctor v. State*, 275 Ga. 612 (5) (571 SE2d 347) (2002).

(a) Tarvin asserts that one co-counsel labored under a conflict of interest because he was a friend of the father of the investigating officer in the case. Although Tarvin fails to assert how this relationship deprived him of constitutionally effective counsel, we nonetheless evaluate an alleged conflict by " 'examin[ing] the particular circumstances of the representation( ) to determine whether counsel's undivided loyalties remain with his . . . client, as they must.' [Cit.]" *Wilson v. State*, 271 Ga. 811, 823 (22) (525 SE2d 339) (1999). Here, any relationship between defense counsel and the investigator was at best indirect, and the record reveals no evidence that defense counsel was affected by this relationship. Id. Accordingly, neither prong of *Strickland* has been satisfied.

(b) Next Tarvin asserts that both counsel were ineffective

because they failed to take any action when they were informed that photographs of the decedent were being displayed outside the courthouse in an area where jurors may have seen them. Assuming that counsel should have investigated the matter further, there was no showing of prejudice. It was established that the photographs were of the victim in life and were in essence the same photographs that were introduced into evidence at trial. The test is whether Tarvin has shown a reasonable probability that but for counsels' failure to pursue the matter, the outcome of his trial would have been different. See *Totten v. State*, 276 Ga. 199 (4) (577 SE2d 272) (2003). He has not satisfied that burden.

(c) Finally, Tarvin claims that counsel was deficient in failing to develop a theory that Coleman's 12-year-old brother admitted setting the fire. The defense at trial was accident, i.e., that a kerosene heater was accidentally knocked over by the 12-year-old. " '(A) reviewing court "must be 'highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy.' (Cit.)" [Cit.]' " *Roebuck v. State*, 277 Ga. 200, 207 (586 SE2d 651) (2003). We do not fault counsel for rejecting the theory that the fire was intentionally set by another since it was in conflict with the opinion of the defense expert as well as with the statement given to the defense by the child. The decision involved trial strategy and was well within the bounds of reasonable professional conduct. Thus, counsel were not deficient in failing to pursue this theory. Id.

6. Tarvin claims that he was denied his right of access to the courts and is therefore entitled to a new trial because after conviction, prison authorities confiscated his paperwork pertaining to his prosecution and appeal. Assuming the factual accuracy of the claim, any such conduct occurred in a post-conviction setting and does not go to the fundamental fairness of the trial. See OCGA § 5-5-20 et seq. See generally *Insurance Co. of N. A. v. Eunice*, 111 Ga. App. 135 (1) (140 SE2d 918) (1965) (motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict).

7. It is asserted that the trial court erred in admitting into evidence five photographs of the burn victim in the hospital showing medical apparatus attached to her body. The pre-autopsy photos illustrated the nature of the injuries which caused the child's death and were relevant and material to prove the felony murder. *Cohen v. State*, 275 Ga. 528 (3) (570 SE2d 301) (2002). See also *Sorrells v. State*, 267 Ga. 236 (3) (476 SE2d 571) (1996). We find no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Charles G. Wright, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.