## 25510. NIXON v. BROWN.

Argued November 10, 1969—Decided December 4, 1969.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.

*Charles R. Adams, Jr., Milton Harrison,* for appellee.

MOBLEY, Presiding Justice. In the prior decision in this case, *Nixon v. Brown*, 223 Ga. 579 (157 SE2d 20), this court held that the plaintiff's petition stated a cause of action for cancellation of a warranty deed given by the plaintiff Brown to the defendant Nixon; that the plaintiff's amended petition alleged that the defendant promised to perform certain acts as consideration for the execution of a deed and that the defendant made this promise with a present intention not to comply with it; that the defendant denied each of these material allegations, which gave rise to issues of material fact, especially upon the issue of fraudulent intent; and that the motion for summary judgment of the defendant was properly denied.

Upon return of the case to the trial court, the defendant filed a motion for summary judgment, asserting that there is no genuine issue as to any material fact which would entitle the plaintiff to the relief sought, with supporting affidavits and documentary evidence. The plaintiff filed counter-affidavit to the motion for summary judgment.

The court entered a judgment holding that "there are genuine issues as to material facts existing in this case which would entitle plaintiff to the relief sought," and denied the motion for summary judgment. The appeal is from this judgment.

The defendant's contention is that the affidavits and evidence attached to his motion pierced the allegations of the pleadings of the plaintiff, showed the truth to the court, and that the defendant was entitled to judgment because there was no genuine issue of material fact. With this contention we cannot agree.

Nixon, in his affidavit stated: "At no time prior to signing of the deed and the option and the payment in cash to Mr. and Mrs. Brown for the property and the assumption of all outstanding liens on the property, was any promise made by me, nor was any promise or request made by Mr. and Mrs. Brown that I pay to them a guarantee of a discount on the McCrosky second mortgage. . . I never at any time stated to Mr. or Mrs. Brown prior to the date of signing of the deed on Saturday morning, January 30, 1965, a promise to guarantee a discount to them on the second mortgage from W. T. Brown to Thomas McCrosky. Both Mr. and Mrs. Brown were aware that this second mortgage was sold."

Mrs. Brown in her counter-affidavit to the defendant's motion for summary judgment stated: "On January 27, 1965, I met Mr. Nixon again in his office at his request . . . He agreed, in addition to the other points of our trade, to pay me the $11,080 discount money on the second mortgage due Mr. Tom McCroskey. He told me that he had sufficient money in the Citizens State Bank of Warner Robins to pay off the second security deed, which Mr. McCroskey owned, and that he would pay off the second security deed before January 29, 1965. He told me to return to his office on Friday, January 29, and he would have the discount money available for me. I called him on the 29th, and he told me to see him the next morning, which was Saturday, to pick up the money. At his request, I had on January 27th signed a warranty deed, which he prepared. I went to his office on Saturday morning, and he hesitated for more than an hour before taking me with him to the

Citizens State Bank, which was across the street from his office. I got into the car with him, and we approached the front door of the bank, he told me to remain in the car and he would go inside and return with the discount money. In a few minutes, he returned to the car and told me that the bank had just closed and he was unable to get sufficient money to pay me the discount. He told me that he would have it by the next Monday because he had made plans to get a loan through an out-of-State bank. . . I did not hear from Mr. Nixon any more until he came to my house in April, 1965, and demanded that I move off the property, stating he had no intention in the beginning to buy the second security deed from Mr. McCroskey or pay the $11,080 discount money."

In order for Mrs. Brown to obtain cancellation of her deed to Nixon it was necessary for her to prove her allegations that he made an oral promise to buy the security deed from Brown to McCroskey at a discount of $11,080, and pay the discount to her, as a part of the inducement or consideration for her deed, and that he had no present intention of complying with his promise when he made it. Mrs. Brown in her affidavit positively averred that he made the promise; Nixon denied that he made it. Thus an issue of fact was made as to the promise. Nixon asserts that the evidence of Mrs. Brown on the question of his intention is equivocal in that she stated in her affidavit that he told her some months after the deed was signed that he never intended to pay her the discount, and in her deposition she related their conversation, from which she "assumed" that he never had any intention of paying the discount. Even if the averment in Mrs. Brown's affidavit as to Nixon's statement of his intention be disregarded, sufficient facts are given in her affidavit and in other evidence submitted on the motion to constitute circumstantial evidence that the promise, if given, was made with a fraudulent intent not to pay the discount. Nixon's own affidavit, stating that he never promised to pay the discount, would refute his intention to pay it.

"Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its

existence." *Code* § 37-706. The facts and circumstances shown by the evidence submitted by both parties on the motion for summary judgment are sufficient to authorize inferences as to the fraudulent intent of Nixon which should be resolved by a jury on a trial. Compare *Bloodworth v. Bloodworth,* 225 Ga. 379, 391 (169 SE2d 150).

The trial judge properly held that there was a genuine issue of material fact and denied the defendant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*