26867. CROWDER et al. v. ELECTRO-KINETICS CORPORATION et al.

ARGUED DECEMBER 14, 1971—DECIDED FEBRUARY 11, 1972.

Equitable petition. DeKalb Superior Court. Before Judge Hubert.

*Marvin J. Zagoria, Isabel Gates Webster, Stanley Nylen,* for appellants.

*Alston, Miller & Gaines, Robert G. Holt,* for appellees.

MOBLEY, presiding Justice. This appeal is from the grant of a partial summary judgment and permanent injunction.

The Electro-Kinetics Corporation and two subsidiary corporations brought a complaint against Tom E. Crowder and his wife, Mrs. Nina Crowder, in five counts. The only count involved in the present case is Count 1, which alleged: On April 30, 1969, share certificate number 108, purporting to represent 50,000 shares, and share certificate number 109, purporting to represent 650,972 shares, of the $.10 par value common stock of Electro-Kinetics were issued to Tom E. Crowder. At no time has the board of directors or shareholders of the corporation authorized or ratified in any way, either by formal resolution or by informal approval, the issuance of these share certificates. At no time has the corporation entered into any agreement or contract with Crowder for the issuance of the shares, and the corporation has never received any consideration for the issuance of the shares. The shares have never been properly or validly issued and they do not constitute any obligation of the corporation. The shares are in the possession of Crowder and he refuses to deliver them to the corporation.

As to this count the plaintiffs demanded judgment declaring that the certificates were improperly issued, null, and void; permanently enjoining Crowder from disposing of the shares in any manner; and ordering the return of the certificates for cancellation.

The trial court entered temporary and interlocutory orders restraining the defendants from disposing of the shares of stock.

The plaintiffs made a motion for partial summary judgment as to the issues made in Count 1, basing the motion on affidavits of former and present officers and directors, and the deposition of a former president of the corporation.

The evidence offered by the defendants was not considered by the trial judge on the hearing of the motion be-

cause it had not been served on the plaintiffs prior to the hearing. It must therefore be determined by this court whether the evidence offered by the plaintiffs authorized the partial summary judgment, which granted the relief demanded as to Count 1 of the complaint.

1. The defendants (appellants) assert that the affidavits submitted by the plaintiffs were defective because each affiant stated that "I have been informed" that the corporate shares involved in the litigation were executed and delivered to Crowder.

The supporting affidavits for summary judgment must be made on personal knowledge. *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; L. 1967, pp. 226, 238). However, the statement as to the issuance of the shares of stock was charged in the complaint, and admitted in the answer of the defendants. The portion of the affidavit not made on the affiant's personal knowledge must be disregarded, but this would not make the whole affidavit defective.

2. The plaintiffs rely on the statements made in the affidavits of officers and directors of the corporation that at no time did the officer or director of the corporation, its board of directors, or its shareholders authorize or ratify the issuance of the share certificates to Crowder, or authorize or ratify the execution of the purported contract attached to the affidavit; and at no time was the issuance of the shares or the adoption or execution of the contract ever submitted to the shareholders of the corporation for their approval. The contract attached to the affidavits is between the corporation and Crowder, and grants to him 750,000 shares of the corporation's $.10 par value stock and an option to purchase another 200,000 shares at a stated price. It recites that Crowder conveys to the corporation his right, title, and interest in a numbered patent application as filed in the United States Patent office, and any improvements in, or modifications of, the patent application. The contract is signed by Crowder, but not the corporation, and is undated.

Carl B. Brecheisen testified by deposition that he was

selected as president of the corporation when it was initially formed. He testified that he signed the stock certificates issued to Crowder at the direction of the board of directors embodied in a formal resolution, and that the certificates were prepared by Mr. Haldi, who was then counsel for the corporation. He remembered discussions about the issuance of stock to Crowder in consideration of his transfer of patent rights to the corporation, but the transfer was made prior to his connection with the corporation.

It is the contention of the corporation that the evidence submitted by it authorized the judgment granting the relief demanded in Count 1 because: it was shown without dispute that the board of directors did not authorize the issuance of any shares of stock to Crowder; Crowder was chairman of the board and in a fiduciary relationship to the corporation, and by reason of this fiduciary relationship cannot rely upon an informal ratification of the stock issuance or estoppel; there is no evidence that the corporation received any consideration for the issuance of the shares; and even if consideration had been received, such shares could not legally be issued until after the board of directors had stated by resolution its determination of the fair value to the corporation in dollars of the consideration, since the alleged consideration was not money.

The Business Corporation Act effective April 1, 1969, provides in *Code Ann.* § 22-506 (c) (Ga. L. 1968, pp. 565, 592; Ga. L. 1969, pp. 152, 162) as follows: "If payment of any part of the consideration for the issuance of shares . . . is made in other than money, the board of directors shall state by resolution its determination of the fair value to the corporation in dollars of such payment. In the absence of bad faith in making the determination of value, such determination shall be conclusive."

It is the position of the corporation that since the undisputed evidence shows that the board of directors made no determination by resolution of the value to the corporation of any consideration by Crowder for the shares of stock is-

sued to him, the shares are null and void, and subject to cancellation. We do not agree with this position.

It was the duty of the board of directors to state by resolution the value in dollars of the consideration on which the stock was issued to Crowder, and since no such resolution was made, no conclusive valuation (in the absence of bad faith) has been set on such consideration. The statute does not state that failure to follow its directive makes the shares of stock void and subject to cancellation.

Where stock in a corporation is issued in consideration of the transfer of patent rights to the corporation, and no resolution is made by the directors setting a value in dollars on the patent rights, and where the corporation later comes into a court of equity seeking to cancel such shares, it is necessary for the court to make a determination as to the relative value of the stock issued and the property transferred, as of the time of the transaction. In such action by the corporation against the stockholder, the burden would be on the corporation to show that the property transferred to the corporation by the stockholder was overvalued.

The evidence submitted by the corporation on the application for partial summary judgment contained sufficient references to the transfer of patent rights by Crowder to the corporation to make an issue of fact as to whether there was any consideration for the issuance of the stock.

Summary judgment for the plaintiffs on the evidence introduced would not be authorized by reason of the provisions of *Code Ann.* § 22-716 (Ga. L. 1968, pp. 565, 643), requiring good faith in contracts or transactions between a corporation and its directors or officers. The evidence introduced on the motion for partial summary judgment was insufficient to prove that the issuance of the shares of stock to Crowder was not "fair as to the corporation as of the time it is authorized, . . ." *Code Ann.* § 22-716. Questions of fraud and bad faith are ordinarily for a jury. *Bloodworth*

*v. Bloodworth,* 225 Ga. 379, 391 (169 SE2d 150); *Nixon v. Brown,* 225 Ga. 811, 813 (171 SE2d 512).

The trial judge erred in granting summary judgment canceling the shares of stock issued to Crowder, since the evidence offered by the plaintiffs in support of their motion for partial summary judgment showed that there was a genuine issue of fact as to whether the shares had been properly issued. It was therefore error to permanently enjoin Crowder from disposing of the stock.

We conclude from studying the record that interlocutory injunction against disposal of the stock until the controversy can be finally decided should be reinstated. We therefore direct that the judgment granting permanent injunction be replaced by judgment granting interlocutory injunction during the pendency of the litigation.

*Judgment reversed with direction. All the Justices concur.*