27123. LEACHMAN v. COBB DEVELOPMENT COMPANY.

Submitted April 11, 1972—Decided June 15, 1972.

*Levine, D'Alessio & Cohn, Morton P. Levine, Burger, Beasley, Baird, Flemister & Slotin, Walter V. Beasley,* for appellant.

*Holcomb & McDuff, Frank D. Holcomb,* for appellee.

Mobley, Chief Justice. This appeal is from the grant of a summary judgment to the defendant.

Marie Leachman, as trustee in bankruptcy for H. A. Walker, Sr., H. A. Walker, Jr., and Walker & Walker Builders, a partnership, brought a complaint against Cobb Development Company seeking to set aside a deed made by the Walkers to Cobb Development Company, or in lieu thereof to require the defendant to pay to the plaintiff any and all equity in the real estate at the time of the conveyance. The action was based on *Code* § 28-201 (3), which provides that every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, is fraudulent in law against creditors.

In the former appearance of the case in this court, it was held that the allegations of the complaint, "that the bankrupts transferred this property by deed without consideration at a time when they were insolvent or were rendered insolvent by the transfer, that the transfer was made to delay creditors, that they were coerced by the defendant to deed the property to it, and that at the time of the transfer the bankrupts had equity in the property," stated a claim on which relief could be granted. *Leachman v. Cobb Development Co.,* 226 Ga. 103 (172 SE2d 688).

The defendant filed a motion for summary judgment, based on the affidavit of James M. Stanley, secretary-treasurer of the defendant, and his deposition, which was taken by the plaintiff. The plaintiff produced no evidence in rebuttal.

The affidavit and deposition of the secretary-treasurer of the defendant showed that the deed from the Walkers to the defendant was not a voluntary conveyance. The Walk-

ers were building houses on the properties transferred by the deed, and had become heavily indebted. The defendant paid more than $1,800 to the Walkers at the time of the conveyance. Thereafter it completed some of the houses and transferred them to purchasers, paying the proceeds to the creditors of the Walkers on a pro rata basis. The remainder of the houses were foreclosed by the creditors of the Walkers.

When a motion for summary judgment is made by a defendant, and the evidence before the trial judge pierces the allegations of the complaint, it is the duty of the plaintiff to introduce evidence, by affidavit or otherwise, to show that there is a genuine issue for trial. *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238).

No evidence was produced by the plaintiff to dispute the evidence that the deed was not voluntary; nor did the plaintiff produce evidence that the deed was made to delay creditors or to prefer creditors, or that the Walkers were coerced into making the deed.

"Questions of fraud and bad faith are ordinarily for a jury. *Bloodworth v. Bloodworth,* 225 Ga. 379, 391 (169 SE2d 150); *Nixon v. Brown,* 225 Ga. 811, 813 (171 SE2d 512)." *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610, 614 (187 SE2d 249). However, a party asserting fraud must introduce some evidence from which an inference of fraud may be drawn in order to make an issue.

Since the plaintiff has made no issue of fraud in response to the motion for summary judgment of the defendant, and the evidence before the trial judge conclusively showed that no fraud was involved, it was not error to grant the summary judgment to the defendant.

*Judgment affirmed. All the Justices concur.*