## 28212. JORDAN v. CALDWELL et al.

JORDAN, Justice. On March 11, 1972, the Superior Court of DeKalb County entered a final order in which they upheld an administrative decision of the Employment Security Agency's Board of Review. Attorney for the appellant received a copy of the order and allegedly called the clerk's office to determine if the order had been filed. The attorney was informed by the clerk's office that it had in fact not been filed. Appellant's attorney also alleges that he instructed his secretary to call two other times to determine if the order had been filed, and that both times she was informed that it had not. On April 6, 1972, appellant's attorney again called personally and he was told that the order had been entered on March 1, 1972. Thirteen days later appellant's attorney filed his notice of appeal, some 49 days after the entering and filing of the trial judge's final order. Under those facts we held in *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) that the party desiring to take an appeal to this court has the burden of finding out when the judgment is filed in the trial court and dismissed the appeal. Appellant, based on the facts recited here, subsequently moved in equity that the trial court vacate its original judgment and enter a new one, in order to give the appellant an opportunity to enter a fresh appeal. On June 12, 1973, the trial court denied this motion. It is from this judgment that appellant appeals. *Held:*

1. We affirm. The appellant complains that the trial court erred in denying her motion to vacate judgment and claims that she did show sufficient circumstances to justify a grant of equitable relief. With this contention we do not agree. Appellant asks for relief in this case under Ga. L. 1966, pp. 609, 662 (Code Ann. § 81A-160 (e)) which provides that: "Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Where a judgment is subject to be set aside in equity, the court may grant such other and further relief, legal or equitable, as may be necessary to afford complete relief." Appellant in this case makes no claim that the original judgment complained of was obtained by fraud, accident or mistake or acts of the adverse party unmixed with her own negligence. It appears clear to us that the purpose of Code Ann. § 81A-160 (e) is to give equitable relief to those parties who are victims of fraud, accident or mistake in the rendering of a judgment.

Appellant here seeks to use this Code section to excuse her untimely notice of appeal and subsequent dismissal in this court. *Jordan v. Caldwell,* 229 Ga. 343, supra. The Court of Appeals in *Alexander v. Blackmon,* 129 Ga. App. 214 (3) (199 SE2d 376), found that "the *judgment* must have been obtained by…'fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant,'" and that this is how Code Ann. § 81A-160 (e) should be read. Under that holding appellant's contention would have no merit.

Appellant also claims that she is eligible for relief under Code Ann. § 81A-160 (g) which provides that: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Nowhere in the record before us did appellant allege any clerical error *in* the judgment. This section of our Code cannot be interpreted to afford relief in a situation such as this.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 5, 1973.

*David A. Webster,* for appellant.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* for appellees.