## 56495, 56496. CRANMAN INSURANCE AGENCY, INC. et al. v. WILSON MARINE SALES & SERVICE, INC. et al.; and vice versa.[1]

WEBB, Judge.

Defendants below, having failed to follow Code Ann. § 6-803 requiring them to file their notice of appeal within 30 days of the judgment overruling their motion for judgment n. o. v. or for new trial, procured another order setting the first aside, but reinstating the same rulings, in order to commence another 30-day period in which to file their notice of appeal.

As justification for this procedure the trial court recited in the order that it was the court's custom to mail copies of all orders to counsel of record; that counsel of record were attorneys A and B for plaintiffs and C and D for defendants; that subsequent to the trial, attorneys C and D had ceased to belong to the same firm, and attorney D had undertaken to prosecute the appeal; that a copy of the order overruling the motions was not sent to attorney D, who allowed the time for appeal to expire because he was unaware of the order, even though copies had been sent to attorney A for plaintiffs and attorney C for defendants; and that in order "to give all possible rights of appeal, this court now intends to vacate its previous orders and reinstate the same in the same form . . ."

Defendants then filed their notice of appeal of this latter order, to which plaintiffs responded with a motion to dismiss in the trial court on the grounds that the second order was merely a restatement of the first for which the time for appeal had expired. In the posture of the proceedings here 56495 is the main appeal in which defendants seek to overturn the overruling of their motion for judgment n. o. v. or new trial; and 56496 is plaintiffs' cross appeal from the second order vacating the first, error being also enumerated upon the denial of the motion to

---

[1]Related case: *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (211 SE2d 145) (1974).

dismiss the notice of appeal.

We dismiss the main appeal pursuant to motion in this court, and we reverse in the cross appeal. Attorneys A and C who received copies of the order, remained counsel of record insofar as we have been apprised; and while it might have been more convenient from the attorneys' point of view for the court to seek to have each and every attorney served, that undertaking was gratuitous insofar as our jurisdiction is concerned since counsel were not entitled to notice of entry of judgment to start the 30-day period running. *Alexander v. Blackmon,* 129 Ga. App. 214 (199 SE2d 376) (1973).

As has been consistently held, "the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972); *Rogers v. Rogers,* 238 Ga. 576 (234 SE2d 495) (1977). Filing of the notice of appeal within 30 days as required by Code Ann. § 6-803 is a mandatory prerequisite to the attaching of appellate court jurisdiction (*Wood v. Atkinson,* 229 Ga. 179 (190 SE 2d 46) (1972); *Venable v. Block,* 141 Ga. App. 523 (233 SE2d 878) (1977)), and it can not be dispensed with upon the ground that counsel did not know the order sought to be appealed had been filed. *Rogers v. Rogers,* 238 Ga. 576, supra; *Alexander v. Blackmon,* 129 Ga. App. 214, supra. The rule obtains even where the untimeliness is sought to be attributed to the clerk's "docket sheet," *Lewis & Sheron Enterprises, Inc. v. Great A & P Tea Co.,* 136 Ga. App. 910 (222 SE2d 659) (1975), or to misstatements of the clerk of court (*Jordan v. Caldwell,* 229 Ga. 343, supra; *H. R. Lee Investment Corp. v. Groover,* 138 Ga. App. 231, 232 (1) (225 SE2d 742) (1976)), or, as here, to the court. *Smith v. Forrester,* 145 Ga. App. 281 (243 SE2d 575) (1978).

Thus while the court may have the general power to enter certain types of orders, e.g. those allowing late filing of papers or those entered or effective nunc pro tunc, that power "cannot be used to correct the failure to comply with the mandatory requirements of the Appellate Practice

Act." *Blackstone v. State,* 131 Ga. App. 666 (206 SE2d 553) (1974) (order allowing filing of transcript nunc pro tunc); *Arnold v. DeKalb County,* 141 Ga. App. 315 (233 SE2d 273) (1977) (order allowing filing of amendments to motion for new trial nunc pro tunc). Accord, *Smith v. Forrester,* 145 Ga. App. 281, supra, (order allowing late filing of motion for new trial); *Baxter v. Long,* 122 Ga. App. 500 (177 SE2d 712) (1970) (nunc pro tunc order extending time to file transcript).

The order in the instant case has the same prohibited effect of allowing a late filing even though no extension of time was properly applied for "before expiration of the period for filing as originally prescribed or as extended by a permissible previous order," Code Ann. § 6-804, the only difference being that in most of the cited cases the filing was backdated toward the order while here the order is updated toward the filing. But that is a distinction without a difference because here, too, although the court possesses general "breast-of-court" or inherent power to affect its orders and judgments (*Waldor v. Waldor,* 217 Ga. 496 (123 SE2d 660) (1962)), that power may not be used to set aside an appealable judgment on the grounds that counsel did not receive notice of the entry of the judgment. *Alexander v. Blackmon,* 129 Ga. App. 214, supra; *Lester v. Rich's Inc.,* 134 Ga. App. 483 (214 SE2d 732) (1975). In *Jordan v. Caldwell,* 231 Ga. 226 (200 SE2d 868) (1973), after the appeal had been dismissed for untimely filing of the notice of appeal allegedly caused by repeated misstatements of the clerk (*Jordan v. Caldwell,* 29 Ga. 343, supra), appellant "moved in equity that the trial court vacate its original judgment and enter a new one, in order to give the appellant an opportunity to enter a fresh appeal." Appellant's efforts aborted there, and a like result must follow here.

We hold that we are without jurisdiction of the main appeal and that it must be dismissed. However, the notice of cross appeal was filed within 30 days of the second order and will support our jurisdiction independently of the main appeal. Compare *Wood v. Atkinson,* 229 Ga. 179, supra; *Security Branding, Inc. v. Corbitt,* 144 Ga. App. 164 (240 SE2d 728) (1977). Consequently we reverse the judgment of February 24, setting aside the judgment of

January 4, and reverse the denial of the motion to dismiss the appeal, with direction to reinstate the first judgment and to sustain the motion to dismiss the appeal therefrom.

*Main appeal dismissed; cross appeal reversed with direction. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 18, 1978, IN CASE NO. 56495.

*Falligant, Kent & Toporek, Julian H. Toporek,* for appellants.

*Hendrix & Shea, John W. Hendrix, Bart E. Shea, Marshall Wood,* for appellees.