## 58465. CARGILE v. COFER.

Deen, Chief Judge.

1. "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.

"We hold that the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). After the judgment of the trial court was rendered and filed with the clerk, if more than 30 days have passed the court has no discretionary power, even at the same term, to set aside an appealable judgment on the grounds that counsel did not receive notice of the entry of the judgment. *Cranman Ins. Agency v. Wilson &c., Inc.,* 147 Ga. App. 590, 592 (249 SE2d 631) (1978).

2. Code § 81A-160 (g) providing that clerical errors in judgments arising from oversight or omission may be corrected by the court at any time, refers only to clerical errors *in* the judgment, and does not apply to a mistake or oversight on the part of the clerk in failing to notify a litigant or his counsel of the filing of the judgment or order. *Jordan v. Caldwell,* 231 Ga. 226 (200 SE2d 868) (1973).

3. It follows that the appeal in this case was filed too late and the superior court judge properly denied the motion to vacate and re-enter the judgment so that an appeal would lie. Appellant Cargile had suffered a six-month suspension of his driver's license by the Commissioner of the Department of Public Safety, with a stay granted during appeal to the Superior Court of Fulton County which was filed February 1, 1978. The case was submitted on briefs and an order denying the appeal was filed on May 24, 1978. On April 5, 1979, a motion to vacate this order was filed in the superior court based on the verified allegations of counsel for the appellant that neither he nor his client had been notified of the order denying the appeal and that he had no notice of it until March 28, 1979. This appeal is from an order of May 11,

1979, denying the motion. See to the same effect *Burnett v. American Mut. Liab. Ins. Co.,* 147 Ga. App. 269 (248 SE2d 510) (1978).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1979 —
DECIDED OCTOBER 1, 1979 —

*F. Glenn Moffett, Jr., Prentice Eager, III,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.