36013. CAMBRON et al. v. CANAL INSURANCE COMPANY.

NICHOLS, Justice.

In a previous decision, this court reversed the award of summary judgment in favor of appellants and remanded the case for trial concerning Canal Insurance Company's equitable right to set aside two default judgments entered against it. *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32) (1978). The basic facts of the case are set out in the earlier opinion. At trial, the jury found for Canal, and the default judgments were set aside. Appellants were the defendants below, and they have set forth in their appeal thirteen enumerations of error. Besides its response, Canal has filed a motion to dismiss the appeal because it was not filed within thirty days of the entry of judgment.

1. After the jury's verdict in Canal's favor, appellants filed a motion for a new trial. In August several amendments to the motion were filed, a hearing was held, and the parties submitted briefs to the trial judge. On September 18th, the trial judge filed his order with the clerk denying appellants' motion. On October 24th, after the thirty-day period for filing an appeal had elapsed (Code Ann. § 6-803), appellants filed a motion to set aside the September 18th order which had denied their motion for a new trial. The appellants claimed in their motion to set aside that they had not been notified of the trial judge's decision, nor of the fact that it had been filed with the clerk on September 18th. Appellants cited Code Ann. § 24-2620 for the proposition that such notice is required. On October 29th, the trial judge granted appellants' motion to set aside, stating in the order "that through clerical mistake the losing party was not notified of the decision . . . overruling [their] motion for new trial."

In their brief on appeal, the appellants submitted an affidavit from the trial judge in which he states that he "delivered the

[September 18th] order to his secretary and instructed her to transmit it to the clerk of Polk Superior Court, with directions that a copy thereof be mailed to counsel as provided in Code Ann. § 24-2620, and that it be filed." The judge also indicated that "it was the intent of the court that the order be filed only upon the mailing of copies to counsel for the parties." It is clear from the record that neither party was notified of the trial judge's order. In his October 29th order, the trial judge not only set aside the September 18th order, but he once again overruled defendants' motion for a new trial, thus permitting appellants an additional thirty-day period in which to file their appeal. That appeal is now before this court.

In response to the above actions, Canal filed a motion to dismiss the appeal. Canal contends that Code Ann. § 6-803 (a) requires dismissal of an appeal which is filed more than thirty days after the entry of an appealable order. Here, Canal argues, appellants had to timely appeal from the September 18th order, and the trial court could not circumvent this requirement by granting the motion to set aside and by reinstating its previous order. Canal maintains that timely filing of the appeal is necessary to confer jurisdiction on this court, and that the burden is on the appealing party to ascertain when the trial judge's decision has been entered or filed with the clerk. *Associated Distributors v. Willard,* 242 Ga. 247 (248 SE2d 645) (1978); *Rogers v. Rogers,* 238 Ga. 576 (234 SE2d 495) (1977); *Jordan v. Caldwell,* 231 Ga. 226 (200 SE2d 868) (1973); *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) (1972); *Donaldson v. Roberts,* 109 Ga. 832 (35 SE 277) (1899); *Cargile v. Cofer,* 151 Ga. App. 569 (260 SE2d 562) (1979); *Cranman Ins. Agency v. Wilson Marine Sales & Serv.,* 147 Ga. App. 590 (249 SE2d 631) (1978); *Alexander v. Blackmon,* 129 Ga. App. 214 (199 SE2d 376) (1973).

A majority of this court disagrees with Canal's argument. None of the above cases considered the effect of Code Ann. § 24-2620 upon the requirement that an appeal must be filed within thirty days of the entry of judgment. Code Ann. § 24-2620 provides in pertinent part that after the trial judge decides a case "it shall be the duty of such judge to file his decision with the clerk of the court in which such cases are pending and notify the attorney or attorneys of the losing party of his decision." (Ga. L. 1898, p. 89.) Ordinarily, the losing party must pursue his appeal in a timely manner as required by the Appellate Practice Act. But where no notice is sent by the trial court or by the clerk to the losing party, this court holds that an action may be brought under Code Ann. § 81A-160 (g) to set aside the earlier judgment; and upon a finding that notice was not provided as required by Code Ann. § 24-2620, the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within

which the losing party must appeal will begin to run from the date of the re-entry. Of course, where notice was sent and received, and the trial judge so finds, he should refuse to set aside the earlier judgment. To the extent the previously cited cases are inconsistent with this holding they are overruled. Also overruled is *Columbia Fire Ins. Co. v. Sams & Co.,* 141 Ga. 641 (81 SE 856) (1914) which holds that Code Ann. § 24-2620 is merely directory. Therefore, the appellee's motion to dismiss is denied. See generally *Hamilton v. Edwards,* 245 Ga. 810 (1980); *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975).

2. Appellants' first two enumerations of error contend that service on Mrs. Hilton was insufficient and that the trial court lacked jurisdiction over her. These contentions were decided adversely to the appellant in this court's previous decision, 240 Ga. at 714-15, and this ruling is now the law of the case. Code Ann. § 81A-160 (h); *R. O. A. Motors v. Taylor,* 220 Ga. 122 (137 SE2d 459) (1964).

3. Appellants' third enumeration contends that the court erred in submitting the issue of fraud to the jury in the absence of sufficient facts to support recovery. This court has previously held that "[t]he allegations of fraud in the complaint are adequate to state a claim. . . . Canal is entitled to its day in court." 240 Ga. at 711. A review of the record indicates that sufficient evidence was presented at trial to require submission of the case to the jury. See *Leachman v. Cobb Develop. Co.,* 229 Ga. 207 (190 SE2d 537) (1972); *Nixon v. Brown,* 225 Ga. 811 (171 SE2d 512) (1969); Code Ann. § 37-706. Similarly, appellants' fourth enumeration asserts that there is insufficient evidence to support the verdict. This court disagrees. Evidence was presented which would authorize the jury to reach its verdict. See *Lee v. Newman,* 240 Ga. 483 (241 SE2d 241) (1978).

4. Appellants' fifth enumeration of error asserts that the trial court erred in overruling their motion for a new trial, based upon the reasons asserted in that motion. These reasons are discussed below as the remaining enumerations of error.

5. Appellants' sixth enumeration contends that the trial court erred in requiring defendant Dunaway to answer hypothetical questions relative to his representation of Mrs. Hilton in the suit against Glover while he also sought to have Cambron appointed administrator of Glover's estate. Canal's trial counsel asked Dunaway several questions premised upon the assumption that Dunaway was representing Glover's estate. Appellants assert that Dunaway was not, in fact, representing Glover's estate; therefore, it was error to allow the questions based upon facts not in the case. In addition, one of appellee's questions was based upon the assumption that there was a solvent estate with no insurance rather than, as here, an insolvent estate with insurance.

While Code Ann. § 38-1710 provides that "the opinion of experts . . . may be given on the facts as proved by other witnesses," this requirement is not applicable here. First, Dunaway is a defendant in this case and not merely an expert testifying as to the proper standard of conduct when counsel represents two clients with a conflict of interest. Second, there definitely was a factual basis in the record for assuming that Dunaway was representing Glover's estate and Cambron, the estate's administrator. Dunaway testified that he solicited Cambron to serve as administrator and helped to get him appointed. Dunaway testified that he was serving as Cambron's attorney at least until Cambron's appointment as administrator. Dunaway testified that he was also representing Mrs. Hilton, the plaintiff in the suit against Glover's estate, and that the lawsuit began on the same day that Cambron was appointed administrator and signed an agreement waiving the six-month waiting period for filing suit against the estate. Dunaway also testified that he presented the waiver papers to Cambron for his signature, albeit after Cambron's appointment and after, as Dunaway claims, his representation of Cambron and the estate ceased. Cambron testified that the waiver agreement was presented to him by Dunaway and that Dunaway explained it to him, although Dunaway apparently neglected to tell Cambron that two lawsuits were then pending against the Glover estate. In addition, appellants' brief states that Dunaway prepared a letter for Cambron to send Canal demanding that the judgments against Glover's estate be paid; and Cambron also testified that Dunaway maintains the bank account for the Glover estate. Third, appellee's counsel's single reference in questioning Dunaway to a situation involving a solvent estate with no insurance merely served to illustrate the questionable nature of Dunaway's actions in not informing Cambron that two lawsuits were pending against the estate and in presenting the waiver agreement to Cambron for his signature on the day of trial. Under the facts of this case, it was not error to allow these questions to be asked the defendant on the ground that they were not adjusted to the evidence.

6. Appellants' seventh enumeration contends that the trial court erred in excluding from evidence two orders issued by the U. S. District Court for the Northern District of Georgia. The first order is a twenty-page document which held, *inter alia,* that Canal had failed to effectively cancel its insurance policy insuring Glover, and that Canal had the right to a jury trial to determine whether it acted reasonably in failing to defend or to settle the personal injury suit filed by Mrs. Hilton against Glover's estate. The second order is a four-page document holding that the question of whether or not the default judgment against Canal in Mrs. Hilton's suit was obtained by

accident, mistake, fraud, or other acts of the adverse party should be decided in the pending state court action. The state court action referred to is the case being appealed here, in which the jury found in Canal's favor. Appellants believe these federal court orders should have been admitted in evidence under Code Ann. § 38-623. This court disagrees. There is little probative value in either order as to the issue which the jury here had to decide. Canal's counsel admitted in his opening remarks that Canal had to provide coverage for the Glover estate, thus the admission of the orders could only serve to bring into the case several other peripheral and complicated issues ruled on by the federal court and not germane to the issue of whether the default judgments should be set aside. In addition, appellants were relying upon the federal court's orders to establish various facts, and not for their res judicata or collateral estoppel effect. "The rule is well recognized in this state, that where a judgment is relied on . . . as establishing any particular state of facts . . . it can be proved only by offering in evidence the entire proceedings in which the same was rendered." *Holcombe v. Jones,* 197 Ga. 825, 830 (30 SE2d 903) (1944). Appellants did not tender the federal case record. Their seventh enumeration is without merit.

7. Appellants' eighth enumeration contends that based on Code Ann. § 38-705, the court erred in excluding as evidence a written note from Canal's files which appellants contend showed Canal's negligence in failing to defend Cambron as the administrator of Glover's estate. The brief note, probably prepared by one of Canal's attorneys, cites a Georgia Court of Appeals case, and states "policy cancelled - filing left in force." This note had no probative value as to the issue before the jury. The trial judge did not err in excluding the note. See *City of Atlanta v. Atlanta Title & Trust Co.,* 45 Ga. App. 265 (164 SE 224) (1932); *Fraternal Relief Assn. v. Edwards,* 9 Ga. App. 43 (9) (70 SE 265) (1910).

8. Appellants' ninth enumeration excepts to the judge's inclusion of Disciplinary Rule 7-104(a)(2) of the Code of Professional Responsibility in his charge to the jury. This rule is set out at 241 Ga. 709 and in the appendix to Title 9 of Code Ann. The rule states: "During the course of his representation of a client a lawyer shall not . . . (2) give advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client." (See also Standard 48, Code of Professional Responsibility). Appellants make several objections to including this disciplinary rule in the jury charge. This court believes the statement of the rule in the charge was proper under the facts of this case. These rules do have the effect of law and are, therefore, proper

charges in cases which directly or indirectly involve the conduct of attorneys licensed to practice law in this state. See, e.g., *Fleming v. State,* 246 Ga. 90 (1980). There is no merit in this enumeration of error.

9. After a review of appellants' briefs, the court finds that there is no argument or citation of authority concerning enumerations of error ten and eleven. (Note that the argument for enumeration of error nine was incorrectly denominated as being argument for enumeration ten). Thus, enumerations ten and eleven must be deemed abandoned under rule 45 of this court. See Code Ann. § 24-4545.

10. Appellants' twelfth enumeration contends that the trial judge erred in sustaining an objection to appellants' questioning of Glover's attorney, Lamar Gammage, as to whether or not "good practice would have dictated that Canal Insurance Company ignore the continued defense of the cases it had undertaken to defend for its insured. . ." After this question was asked Gammage on redirect examination, and appellee's objection was sustained, appellants made no effort to show on the record what answer was expected of the witness. The general rule is that in order to obtain review of a ruling excluding evidence, it must be shown what answer would be expected of the witness. *Anderson v. Jarriel,* 224 Ga. 495 (162 SE2d 322) (1968). Cf. *Johnston v. Still,* 225 Ga. 222 (167 SE2d 646) (1969), which makes the important distinction that this "offer of proof" rule does not apply to the cross examination of a witness. This enumeration is without merit.

11. Appellants' thirteenth enumeration of error argues that Code Ann. § 81A-160(e) is unconstitutional because it is too vague and indefinite for uniform enforcement. This argument was first raised in appellants' amended motion for new trial. "It is apparent from the face of the motion for new trial that the defendant made no effort whatever to raise the issue during the trial of the case. . .That a constitutional question may not be raised for the first time in a motion for new trial is too well settled to be seriously questioned. [Cits.]" *Frashier v. State,* 217 Ga. 593 (124 SE2d 279) (1962). There is no merit in this enumeration.

*Judgment affirmed. All the Justices concur, except Undercofler, C. J., who dissents to Division 1.*

Argued March 12, 1980 — Decided June 27, 1980 — Rehearing denied July 15, 1980.

*Marson G. Dunaway, Jr., Harl C. Duffey, Jr.,* for appellants.
*Cullen Gilliland,* for appellee.