A07A0998. REGISTER v. ELLIOTT et al.
(647 SE2d 406)

PHIPPS, Judge.

Carl Register appeals an order of the Superior Court of Meriwether County dismissing as untimely his appeal to this court from a judgment in his action against Raymond Elliott, individually and d/b/a Elliott Construction. Register argues that the superior court should have exercised its discretion by finding the appeal timely. We

conclude that the appeal was untimely, that the superior court lacked discretion to find otherwise, and that the court therefore did not err in dismissing the appeal.

Register sued Elliot in superior court. Elliott filed an answer to the complaint and a counterclaim. The jury returned a verdict awarding Register $1,753.05 on his complaint but awarding Elliott $19,322.25 on his counterclaim.

On December 6, 2005, the superior court entered judgment on the verdict. On December 29, a paralegal employed by Register's attorney drafted a letter to the Clerk of the Superior Court of Meriwether County, enclosed a notice of appeal, and delivered the letter and notice of appeal to Federal Express for overnight delivery. On December 30, the paralegal noted that the Federal Express website reported that the package had been delivered that day. But on January 9, 2006, Register's attorney received the return of the notice of appeal in the mail with the word "void" written over the December 30 date stamp. Upon closer scrutiny, counsel's office determined that Federal Express had delivered the letter and notice of appeal to the Clerk of the Superior Court of Troup County, who had initially stamped the notice of appeal filed on December 30 but then voided the file date. The notice of appeal was then sent to the Clerk of the Superior Court of Meriwether County and filed on January 11, 2006.

Register thereupon filed a motion asking the Superior Court of Meriwether County to take notice of the mistake by Federal Express regarding the notice of appeal, and to exercise its discretion by finding that the notice of appeal was timely filed rather than dismiss the appeal. The court concluded that it lacked discretion to grant the motion and dismissed the appeal as untimely.

Appeals from superior courts to the Georgia appellate courts are governed by the Appellate Practice Act, which is part of Chapter 6 of OCGA Title 5.[1] OCGA § 5-6-38 (a) requires a notice of appeal to be filed within 30 days after entry of the appealable decision or judgment complained of, unless a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed. OCGA § 5-6-37 specifies that the notice of appeal must be filed with the clerk of the court wherein the case was determined. A paper is filed when it is delivered to and received by the proper officer.[2] Although OCGA § 5-6-39 (a) authorizes any trial judge or appellate court to grant an extension of time for filing a notice of appeal, OCGA § 5-6-39 (d) requires any application for an extension

---

[1] OCGA § 5-6-30 et seq.

[2] *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119) (1972).

to be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order.

It has long been held that "[t]he proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court[,]" and that "[t]he burden is upon the party taking an appeal to file within the required 30-day period."[3] Therefore, parties have not been relieved of this burden even on grounds such as providential cause and excusable neglect.[4]

In fact, in *Moncrief v. Tara Apts., Ltd.*,[5] we specifically held that

[t]he burden is not satisfied by relying on the postal delivery but may be satisfied only by depositing the notice of appeal with the clerk within the appropriate time frame. In the absence of timely filing of the notice of appeal, we are without jurisdiction of this appeal, and it must be dismissed.[6]

In *Bailey v. Bonaparte*,[7] the notice of appeal captioned in state court was inadvertently delivered to the clerk of superior court, who in turn delivered it to the state court but too late for it to be filed timely there. In that case, this court reasoned that in delivering the notice of appeal to the clerk of superior court the appealing party had effectively made that clerk its agent and that the appeal had to be dismissed because the agent, for whatever reason, had not timely delivered the notice of appeal to the court in which it had to be filed. Clearly, application of these holdings to the facts of this case compels the conclusion that the appeal here was untimely and that the superior court had no choice but to dismiss it.

*Mack v. Demming*,[8] relied on by Register, is distinguishable, as is *Cambron v. Canal Ins. Co.*[9] *Mack* involved an appeal from probate court to superior court. That procedure is governed by Chapter 3 of OCGA Title 5. OCGA § 5-3-27 pertinently provides that "[n]o appeal shall be dismissed because of any defect in the notice of appeal . . . ; but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect." In reliance on that Code section, *Mack* held that the timely filing of the notice of appeal in superior court rather than probate court was not an

---

[3] *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695 (293 SE2d 352) (1982) (citations omitted).

[4] See *Wren v. Josey*, 97 Ga. App. 593 (103 SE2d 745) (1958) (not even illness and death of sole counsel for nonresident litigant provide grounds for excusing late filing of notice of appeal).

[5] Supra.

[6] 162 Ga. App. at 695 (citation omitted).

[7] Supra.

[8] 248 Ga. 117 (281 SE2d 591) (1981).

[9] 246 Ga. 147 (269 SE2d 426) (1980).

absolute bar to the superior court assuming jurisdiction of the appeal.[10]

*Cambron* recognized that, under OCGA § 15-6-21 (c), it is the duty of the trial court to notify the attorney or attorneys of the losing party of its decision. *Cambron*, therefore, held that where the court does not comply with that duty, the judgment may be set aside and re-entered to preserve the losing party's right of appeal.[11] *Cambron* overruled *Cranman Ins. Agency v. Wilson Marine Sales & Svc.*[12] and like cases to the extent of their inconsistency with *Cambron*.

Finally, we note that although the superior court may grant an out-of-time appeal in a criminal case, such relief is not available in a civil case such as this.[13]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 7, 2007.

*John A. Roberts, John T. Hopkins IV*, for appellant.
*David J. Turner, Jr.*, for appellees.

---

[10] Arguably a provision bearing some semblance to OCGA § 5-3-27 should be added to the Appellate Practice Act to satisfy the Act's policy to avoid dismissals and bring about a decision on the merits in every case. OCGA § 5-6-30.

[11] 246 Ga. at 148 (1).

[12] 147 Ga. App. 590 (249 SE2d 631) (1978).

[13] *Woodall v. Woodall*, 248 Ga. 172 (281 SE2d 619) (1981).