# Court of Appeals
# of the State of Georgia

ATLANTA,    July 10, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0431.  JAMES E. THOMPSON v. THE STATE.**

James E. Thompson has sent numerous documents to this Court.  In his most recent correspondence, he appears to be seeking review of the trial court's April 18, 2013, order denying his motion for recusal.  We lack jurisdiction to review this order.

First, because the trial court's order was interlocutory, Thompson was required to comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  Therefore, he was required to secure a certificate of immediate review from the trial court.  See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002).  He has not done so, and his failure to comply with this requirement deprives us of jurisdiction to review this order.

Second, Thompson has not complied with the requirements for filing an application.  Pursuant to Court of Appeals Rule 6, all documents filed in this Court must have been furnished to opposing counsel, and "[a]ny document without a certificate of service shall not be accepted for filing."  Thompson's certificate of service indicates that his application was served on this Court.  This is not sufficient – the application must be served on the opposing party, which, in this case, is the District Attorney.[1]

Third, Thompson's application is untimely. Applications for interlocutory

---

[1] The Clerk of this Court has repeatedly advised Thompson of this deficiency, but he has continued to supply certificates which do not reflect service on opposing counsel. His filing was docketed as an application in order to allow us to address this deficiency in a formal order.

appeal must be filed within 10 days of the trial court's entry of a certificate of immediate review. See OCGA § 5-6-34 (b). Applications for discretionary appeal must be filed within 30 days of entry of the trial court's order. See OCGA § 5-6-35 (d). Thompson's filing was docketed as an application on June 10, 2013 – 53 days after the trial court entered its order. Accordingly, it is untimely. Moreover, for the reasons discussed above, his filing cannot give rise to a valid application.

Under these circumstances, we lack jurisdiction to review the trial court's April 18, 2013, order. Thompson's application is hereby DISMISSED.

We note that, in various correspondence, Thompson asserts that he has not received timely notice of the trial court's orders. If so, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See id.; *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). The re-entry of the order will begin anew the time for seeking appellate review. See *Cambron*, supra.

Finally, we note that this Court is empowered to impose sanctions upon a party who files frivolous applications or notices of appeal. See Court of Appeals Rule 15 (b). We thus caution Thompson against filing future pleadings in this Court that have no substantial basis in law. Such filings may result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/10/2013
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

 , *Clerk.*