# Court of Appeals
# of the State of Georgia

ATLANTA,___August 19, 2013___

*The Court of Appeals hereby passes the following order:*

**A13D0500.  EARL MARCUS LYONS, et al. v. THE STATE.**

On June 11, 2013, the trial court entered an order granting Earl Marcus Lyons a right to out-of-time appeal.  The order directed Lyons to file a "notice of appeal *with the Clerk of Superior Court of Henry County.*"  On July 18, 2013, Lyons filed an application for discretionary appeal in this Court.

Based upon the trial court's order, Lyons was entitled to a direct appeal.  Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed.  See OCGA § 5-6-35 (d) & (j); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  Because Lyons did not file his application until 37 days after the trial court's order, it is untimely.  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.

We note, however, that Lyons contends he did not receive the trial court's order in sufficient time to file an application for discretionary appeal within 30 days.  If so, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem.  See id.; *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).  The re-entry of the order will begin anew the time for filing a notice of appeal in the trial court.  See *Cambron*, supra.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>08/19/2013</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*