# Court of Appeals
# of the State of Georgia

ATLANTA,___March 12, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0260. CHERYL MITCHELL v. U.S. BANK TRUST, NATIONAL ASSOCIATION AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST.**

This case began as a dispossessory action in magistrate court. Following an adverse ruling, defendant Cheryl Mitchell, through attorney Grady Roberts, appealed the magistrate court's decision to superior court. The superior court granted a writ of possession in favor of U.S. Bank Trust. The order was signed on November 17, 2014, but the date on the stamped "filed" copy of the order is illegible. Mitchell filed this application for discretionary appeal on February 10, 2014, and we ordered Mitchell to amend the application to include a legible copy of the stamped "filed" order. Mitchell did not comply with this directive, but instead filed a Motion to File Application for Discretionary Appeal Out of Time.[1] We lack jurisdiction.

Generally, an application for discretionary appeal may be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). However, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Pursuant to OCGA § 44-7-56, appeals from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v.*

---

[1] Mitchell attempted to file a direct appeal in this case, which we dismissed for failure to follow the discretionary appeal procedures. *Mitchell v. U.S. Bank Trust*, A15A0923 (dismissed January 23, 2015). The trial court's order in that case is stamped "filed" on November 17, 2014.

*Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Because Mitchell did not file her application for discretionary appeal within this time period, it is untimely. Accordingly, we lack jurisdiction to review this application, which is hereby DISMISSED.

Mitchell's motion to file an application for discretionary appeal out of time is hereby DENIED. The time requirement for filing a discretionary application is a jurisdictional requirement, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220 (1) (728 SE2d 617) (2012). A party may request an extension of time for filing a discretionary application, but the motion must be made on or before the application's due date. See Court of Appeals Rule 31 (g). Here, Mitchell's request for an extension of time was not timely.

We note, however, that Mitchell contends she did not receive a copy of the trial court's order. If Mitchell did not receive timely notice of the order, her remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See id.; *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). The re-entry of the order will begin anew the time for filing a notice of appeal in the trial court. See *Cambron*, supra. It appears, however, disingenous and even overtly misleading to argue that she did not receive a copy of the trial court's order when she filed a notice of direct appeal from that November 17, 2014 order on November 24, 2014 in Case No. A15A0923.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/12/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.