# Court of Appeals
# of the State of Georgia

ATLANTA,____May 06, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0361. ANTHONY LOWREY v. THE STATE.

On April 8, 2015, Anthony Lowrey filed a pro se application for discretionary appeal, seeking review of an order revoking his probation. Although he mentions a 2014 probation revocation, the only order included with his application is a probation revocation order signed on January 4, 2011. We lack jurisdiction.

To be valid, an application for discretionary appeal must be filed within 30 days after the entry of the appealable order, and this Court lacks jurisdiction to consider an untimely application. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Here, the only order Lowrey included with his 2015 application materials was signed by the judge in 2011. However, it was not a stamped "filed" copy, as required by Court of Appeals Rule 31 (e). A stamped "filed" copy is required in order for this Court to ascertain that the application was filed within 30 days after entry of the appealable order. On April 14, 2015, this Court ordered Lowrey to supplement his application within 10 days with a stamped "filed" copy of the order to be appealed. We noted that failure to comply with this directive would result in dismissal of the application. Lowrey failed to submit a stamped "filed" copy of the trial court's order within the additional time allowed. Accordingly, this application is hereby DISMISSED.

We note, however, that Lowrey contends he is unable to comply with Court of Appeals Rule 31 (e) because the trial court failed to provide him with a copy of his 2014 order. If Lowrey did not receive timely notice of the order, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See id.; *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d

426) (1980).  The re-entry of the order will begin anew the time for filing a notice of appeal in the trial court.  See *Cambron*, supra.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____05/06/2015_____
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*