# Court of Appeals
# of the State of Georgia

ATLANTA, June 23, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1316.  BLAKE v. VILLAGE CAPITAL AND INVESTMENT, LLC et al.**

Joseph M. Blake III, filed the underlying quiet title petition against Village Capital and Investment, LLC, Mortgage Electronic Registration Systems, Inc., PHH Mortgage Corporation, and the U.S. Department of Veterans Affairs alleging that certain conduct of the respondents had slandered the title to his home. On the morning of December 5, 2025, the trial court entered an order dismissing Blake's complaint with prejudice. Later that same day, Blake filed a motion to set aside the order of dismissal, a motion to recuse the trial judge, and a notice of lis pendens. On January 27, 2026, the trial court entered an order denying the motion to recuse and a separate order denying the motion to set aside and canceling the notice of lis pendens. Blake filed this appeal on January 29, 2026. Village Capital filed a motion to dismiss, arguing that because the appeal was filed more than 30 days after entry of the order of dismissal, it is untimely and, therefore, this Court does not have jurisdiction. See OCGA § 5-6-38(a).

"It is well settled that the underlying subject matter of an appeal generally controls in determining the proper appellate procedure." *Ledford v. Mobley*, 321 Ga. App. 761, 761 (743 SE2d 461) (2013).  Here, the notice of appeal states that Blake is appealing the order of dismissal, the order denying his motion to set aside, the order canceling his notice of lis pendens, and the order denying his motion to recuse. However, in his brief, Blake only challenges the trial court's December 5, 2025 order dismissing the complaint.  He makes no argument that the trial court erred in denying

his motion to recuse or in canceling his notice lis pendens.[1] Based on the foregoing, the "underlying subject matter" of this appeal is a challenge to the trial court's order dismissing the complaint; to pursue such a challenge, Blake was required to file a notice of appeal within 30 days of the entry of that order, which he did not do. See OCGA § 5-6-38(a); *Reg. v. Elliott*, 285 Ga. App. 741, 743 (647 SE2d 406) (2007) ("It has long been held that the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court, and that the burden is upon the party taking an appeal to file within the required 30–day period." (citation modified)).

Because Blake did not comply with the proper appellate procedure, we lack jurisdiction to consider his appeal. See *Ledford*, 321 Ga. App. at 761. See also *Edmondson v. Turtle Cove Prop. Owners Ass'n, Inc.*, A25A1267 (Ga. Ct. App. Oct. 6, 2025) (unpublished). Accordingly, the Motion to Dismiss is GRANTED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___06/23/2026_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] Likewise, Blake fails to challenge, in any way, the trial court's order on the motion to set aside. Even if he had, however, we would also be without jurisdiction to consider these arguments since Blake failed to follow the appropriate discretionary appeal procedures. See OCGA § 5-6-35(a)(8).